Argued December 10, 1924, affirmed January 13, 1925.

## STATE *v.* LEWIS GILSON.

(232 Pac. 621.)

**Indictment and Information—Rule as to Necessity of Negativing Exemptions, Exceptions, and Provisos Stated.**

1. Exemptions, exceptions and provisos, which form a part of the statutory definition of the crime, and without which the ingredients of the crime cannot be accurately and definitely stated, must be negatived, but exemptions, exceptions and provisos need not be negatived, where separable from description of offense, and not necessary or material ingredient thereof.

**Rape—"Rape" Defined.**

2. "Rape" of woman over sixteen years of age is the carnal knowledge forcibly and unlawfully against her will.

**Fornication—"Fornication" Defined.**

3. "Fornication," under Section 2077, Or. L., is the carnal knowledge of a woman, under the age of eighteen years and over the age

---

1. Necessity for averment in indictment negativing exception in statute upon which prosecution is based, see notes in 6 Ann. Cas. 726; 13 Ann. Cas. 364; Ann. Cas. 1913B, 135. See, also, 14 R. C. L. 188.

2. See 22 R. C. L. 1171.

3. See 1 R. C. L. 632.

of sixteen years who is not his wife, by a man, without force, and with her consent.

**Indictment and Information—Indictment must Show Particular Case not Within Exception Made in Enacting Clause of Statute Defining Crime.**

4. Ordinarily it is only necessary to state facts which constitute particular crime with which defendant is charged, but if there are exceptions in enacting clause defining crime which exempt certain cases from its operation, indictment must show that particular case is not within exception.

**Indictment and Information—Indictment Need not Allege That Act Committed was not Rape.**

5. Under Section 2077, Or. L., denouncing as guilty of fornication one who "in such manner as does not make the act rape," carnally knows female over sixteen years and under eighteen years of age, indictment not alleging that act was committed forcibly or against will or without consent of the woman need not allege that act committed by defendant was not rape.

See (1) 31 **C. J.** 720. (2) 33 **C. J.** 1416. (3) 26 **C. J.** 988. (4) 31 **C. J.** 722. (5) 31 **C. J.** 720.

From Wasco: FRED W. WILSON, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Wilson & Bradshaw,* with an oral argument by *Mr. R. C. Bradshaw.*

For respondent there was a brief and oral argument by *Mr. Francis V. Galloway.*

RAND, J.—The defendant was indicted for the crime of fornication which is defined by Section 2077, Or. L., as follows: "If any male person over the age of eighteen years shall, in such manner as does not make the act rape, carnally know any female person of previous chaste and moral character, who is over the age of sixteen years and under the age of eighteen years, and is not his lawful wife, such male person shall be deemed guilty of fornication, and upon conviction thereof, shall be punished," etc.

To this indictment the defendant entered a plea of not guilty. He was tried, convicted and sentenced to a term in the penitentiary. He appeals from the judgment of conviction and contends that both the indictment and the evidence upon which the conviction was had were insufficient to sustain the judgment. Both of these questions were presented to the lower court for decision; the former by an objection to the introduction of testimony and the latter by a motion for a directed verdict. The correctness of the court's rulings upon these questions is the sole question for decision here.

The defendant contends that the clause of the statute "in such manner as does not make the act rape" is in the nature of an exception which must be negatived in the indictment, and because not negatived the indictment was insufficient. He also contends that under the testimony the act proved was rape and not fornication, and that because thereof the evidence was not sufficient to sustain a conviction of the defendant for the crime of fornication.

The charging part of the indictment is as follows: "The said Lewis Gilson on the 17th day of February, 1921, in the County of Wasco and State of Oregon, then and there being a male person over the age of eighteen years, did then and there unlawfully and feloniously carnally know one Altie Weber, a female person who was then and there over the age of sixteen years and under the age of eighteen years, and of previous chaste and moral character, the said Altie Weber not then and there being the lawful wife of the said Lewis Gilson."

This indictment, when read in connection with the statute creating the offense of fornication, shows that, in drawing the indictment, the pleader, following the language of the statute, included in it an allega-

tion of every fact necessary to bring the criminal act complained of within the statutory definition of the crime of fornication and alleged every essential ingredient of that crime, but did not allege that the criminal act was committed "in such manner as does not make the act rape."

1. It is a settled rule of law in this state that conditions in the enacting clause of a statute creating and defining a criminal offense, which are necessary ingredients in the offense and a part of the statutory definition of the crime, are an essential part of an indictment; and consequently that exemptions, exceptions and provisos, which form a part of the statutory definition of the crime, without which the ingredients of the crime cannot be accurately and definitely stated, must be negatived in the indictment in order that the description of the offense may in all respects correspond with the statute: *State* v. *Tamler,* 19 Or. 528 (25 Pac. 71, 9 L. R. A. 853); *Binhoff* v. *State,* 49 Or. 419 (90 Pac. 586); *State* v. *Eisen,* 53 Or. 297 (99 Pac. 282, 100 Pac. 257); *State* v. *Atwood,* 54 Or. 526 (102 Pac. 295, 104 Pac. 195, 21 Ann. Cas. 516); *State* v. *Sommer,* 71 Or. 206, 210 (142 Pac. 759); *City of Astoria* v. *Malone,* 87 Or. 88, 93 (169 Pac. 749); *State* v. *Rosasco,* 103 Or. 343 (205 Pac. 290); *State* v. *He Quan Chan* (Or.), 232 Pac. 619, decided January 2, 1925.

Where, however, an exemption, exception or proviso in a criminal statute is separable from the description of the offense and is not a necessary or material ingredient in the offense, it is not necessary that it should be either noticed or negatived in the indictment: *State* v. *Carmody,* 50 Or. 1, 8 (91 Pac. 446, 1081, 12 L. R. A. (N. S.) 828); *State* v. *Edmunds,* 55 Or. 236 (104 Pac. 430); see, also, 31 C. J. 720, § 269.

2, 3. Where rape is charged to have been committed upon a woman over the age of consent, which, in this state, is sixteen years, the words used by the statute in defining the crime are "forcibly ravish." Rape, therefore, as at common law, is the carnal knowledge of a woman by a man forcibly and unlawfully against her will. Fornication, however, as defined by statute, is the carnal knowledge of a woman, under the age of eighteen years and over the age of sixteen years who is not his wife, by a man without force and with her consent.

4, 5. Ordinarily, in charging a defendant with the commission of a crime it is only necessary to state the facts which constitute the particular crime with which the defendant is charged but if there are exceptions in the enacting clause of the statute defining the crime, which exempt certain cases from its operation, the indictment must show that the particular case is not within the exception. If the indictment fails to show this it is bad because it does not contain the words necessary to bring the case within the statute. Unless the defendant committed an act which is prohibited by statute he is not guilty of a criminal offense, and to charge him with a criminal offense it is necessary that the indictment should allege every fact necessary to constitute the offense charged. Here the objection is not that the indictment does not charge the defendant with any act necessary to constitute the offense of fornication, but that it fails to state that the defendant did not commit another and greater crime, namely, the crime of rape. The allegation claimed to be lacking in this indictment is not a part of the statutory definition of the crime of fornication, without which the ingredients of that crime cannot be accurately and definitely stated, and for that reason we think it was not

necessary for it to be negatived in the indictment, as the offense charged in all respects corresponds with the statute defining and creating the offense of fornication. There is no charge in this indictment that the sexual act was committed forcibly or that the act itself was done against the will or without the consent of the woman involved in the case. There is, therefore, no charge of rape in the indictment. The facts charged in the indictment are those made criminal by statute and are sufficient, under the statute, to constitute the crime charged. Every element essential to the commission of the crime is charged in the indictment. The acts thus charged negative the idea that the crime committed was rape, and the indictment was therefore sufficient if the clause referred to did constitute an exception which it would be essential for the indictment to notice or negative. This clause, however, is not a part of the definition of the offense of fornication and need not, we think, be noticed or negatived in the indictment any more than it is necessary to negative or notice the clause "but without deliberation and premeditation" contained in Section 1894, Or. L., defining the crime of murder in the second degree. In this respect we think the two statutes are analogous. One of the definitions of murder in the first degree (Section 1893) is "If any person shall purposely and of deliberate and premeditated malice kill another," and one of the definitions of murder in the second degree (Section 1894) is "If any person shall purposely and maliciously, but without deliberation and premeditation kill another." In charging a defendant with the commission of the crime of murder in the second degree it has never been deemed necessary for the indictment to state that the killing was done "without deliberation and premeditation," nor do we deem

it essential that in charging the crime of fornication for the indictment to allege that the act committed was not rape or, in the language of the statute, that the criminal act charged in the indictment was committed "in such manner as does not make the act rape." The reason, making it unnecessary for an indictment, drawn under Section 2077, to negative the clause "in such manner as does not make the act rape," or for an indictment, drawn under Section 1894, to negative the clause "without deliberation and premeditation," is that the matters referred to in these clauses do not form a portion of the statutory description of those crimes so that the ingredients of either crime cannot be accurately and definitely stated if the exception is omitted. The exemptions, exceptions and provisos to which the rule, requiring them to be negatived, refers, are those which form a portion of the description of the offense so that the ingredients in the offense cannot be accurately and definitely stated if the exception is omitted."

The contention that the evidence was insufficient to convict the defendant of the crime charged, because showing that the crime was rape and not fornication, we think is wholly without merit. The testimony offered by the state tended to show that the criminal act complained of was committed by the defendant in an automobile which was parked on a public street in the City of The Dalles, near the place where the woman was stopping, and that she and the defendant had left the house a few moments before and returned together to the house after the act was committed. The evidence showed that there was no outcry and no violence. It is true that she testified that she resisted the advances made by the defendant, but we think her testimony tends to show that the

act charged was done with her entire consent. We do not hold that if the evidence had shown that the act was done forcibly and without her consent the defendant would have been entitled to an acquittal of the offense charged. That question is not in the case.

For these reasons the judgment of the Circuit Court must be affirmed.                    AFFIRMED.

MCBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.