## STATE v. BRANDE.

No. 7235.   Decided February 7, 1949.   (202 P. 2d 556.)

See 52 C. J. Rape, sec. 148; 53 Am. Jur. 431.  Absence of evidence supporting charge of lesser offense as affecting instructions on the lesser offense, note, 21 A. L. R. 603.

*N. J. Cotro-Manes,* of Salt Lake City, for appellant.

*Brigham E. Roberts,* Dist. Atty., of Salt Lake City, *Grover A. Giles,* Atty. Gen., and *A. John Brennan,* Asst. Atty. Gen., for respondent.

PRATT, Chief Justice.

Defendant and appellant was tried by a jury and convicted of the following offense, as it is set out in the information:

"* * * of the crime of carnally and unlawfully knowing a female over the age of thirteen years, and under the age of eighteen years, as follows, to wit: That the said Harvey Brande on or about the 22nd day of September, 1947, at the County of Tooele, State of

Utah, did then and there wilfully, unlawfully, feloniously and carnally know and abuse one *(prosecutrix)* over the age of 13 years and under the age of 18 years, to wit, of the age of 16 years; contrary to the provisions of the Statute of the State aforesaid, in such cases made and provided, and against the peace and dignity of the State of Utah."

Upon this appeal he complains of only one error, which he alleges to be the giving of the following instruction, which was the trial court's instruction No. 5. In taking his exception, counsel for appellant contended that the attempt to commit the offense charged is not a lesser included offense.

Instruction No. 5 reads:

"You are instructed that as a matter of law included in the crime charged in the Information is the lesser offense of attempt to carnally and unlawfully know a female over the age of thirteen years. It is your duty to consider first the offense charged. In the event your verdict should be guilty of the crime charged, you will not consider the lesser offense. In the event, however, that you do not find beyond a reasonable doubt each and every one of the elements of the crime charged, then you will next consider the included offense of attempt to commit the same offense.

"Before you can find the defendant guilty of attempt to carnally and unlawfully know a female over the age of thirteen years and under the age of eighteen years, you must find from the evidence beyond a reasonable doubt each and all of the following elements:

"1. That the defendant, on or about September 22nd, 1947, did some act which tended toward the accomplishment of sexual intercourse with *(prosecutrix)*.

"2. That said act, if any, occurred in Tooele County, State of Utah.

"3. That said *(prosecutrix)* was on said day a female over the age of thirteen years and under the age of eighteen years.

"4. That said act, if any, failed to consummate sexual intercourse with *(prosecutrix)*.

"5. That said act, if any, was committed by the defendant with the intent on his part to accomplish sexual intercourse with *(prosecutrix)*."

The facts of the case are simple. Defendant and a companion took the prosecutrix, who was then 16 years of age, for a ride in the truck that defendant was driving. Going

into a canyon, each, according to her testimony, had intercourse with her. Defendant, though he admits trying, contends that he became physically unable to accomplish the act of penetration.

Section 105-34-6, U. C. A. 1943, reads:

"The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense."

It seems rather obvious that the court was simply complying with the provisions of Section 105-34-6, U. C. A. 1943.

There is, however, another important reason why appellant should fail in this appeal. The jury found him guilty of the crime charged. The giving of an instruction upon a lessor included offense, even if it were erroneous, is not shown to have been prejudicial to appellant. Apparently the jury ignored the lesser offense. If, of any effect at all, the instruction was rather favorable to appellant, as it afforded the jury the opportunity to be more lenient with him. Certainly it was not something of which appellant could complain. Appellant's own citation of the notes to 21 A. L. R. 594, support this. Section 105-43-1, U. C. A. 1943, and annotations cover the requirement in this state as to the necessity of the error being prejudicial to constitute reversible error.

We see no merit to the appeal. Judgment of the lower court is affirmed.

WADE, WOLFE, LATIMER, and McDONOUGH, JJ., concur.