Argued October 28, affirmed December 24, 1963

# STATE OF OREGON v. EYLE
### 388 P. 2d 110

*Arthur R. Barrows,* Deputy District Attorney for Umatilla County, Pendleton, argued the cause for respondent. With him on the brief was Richard J. Courson, District Attorney for Umatilla County, Pendleton.

*Donald D. Yokom,* Pendleton, argued the cause and filed a brief for Appellant.

Before McAllister, Chief Justice, and Rossman, Perry, O'Connell, Goodwin, Denecke and Lusk, Justices.

PERRY, J.

Defendant was indicted for the violation of ORS 164.670. Trial was had without a jury before the Circuit Court of Umatilla County. From a judgment finding him guilty as charged, defendant appeals. The facts are not in dispute.

Defendant's argument upon appeal is that the prosecution failed to prove a necessary element of the crime of using a motor vehicle without authority; that

the defendant took the automobile "without intent to steal it." ORS 164.670 provides:

"Every person who takes or uses without authority any vehicle without intent to steal it, or is a party to such unauthorized taking or using, shall be punished upon conviction by imprisonment in the penitentiary for not more than two years, or by a fine of not more than $500."

ORS 164.670 describes the offense commonly referred to as "joy-riding." The statute is designed to condemn the acts of a person who takes another's automobile without permission, but without the intent to steal it or permanently deprive the owner of its use. Taking an automobile with the intent to steal it or permanently deprive the owner of its use is prohibited by the larceny statute. ORS 164.310. Thus the "joy-riding" statute stands as an "included offense" of larceny, having all the elements of larceny except the intent to steal. See Perkins on Criminal Law, First Edition, Ch 4, p 231.

■ By employing the words, "without intent to steal," the legislature meant to clearly distinguish the crime of "joy-riding" from the greater crime of larceny and provide a specific penalty therefor. The words were not included so as to constitute an additional element for the state to prove.

A similar question was presented in *State v. Gilson*, 113 Or 202, 232 P 621. There the defendant was convicted of the crime of fornication under a statute (Or L § 2077) which described the prohibited conduct as that which "does not make the act rape." In reply to the argument that this was an element for the state to plead and prove, the court said at page 207:

"* * * This clause, however, is not a part of the definition of the offense of fornication and need not, we think, be noticed or negatived in the indict-

ment any more than it is necessary to negative or notice the clause 'but without deliberation and premeditation' contained in Section 1894, Or. L., defining the crime of murder in the second degree. In this respect we think the two statutes are analogous. One of the definitions of murder in the first degree (Section 1893) is 'If any person shall purposely and of deliberate and premeditated malice kill another,' and one of the definitions of murder in the second degree (Section 1894) is 'If any person shall purposely and maliciously, but without deliberation and premeditation kill another.' In charging a defendant with the commission of the crime of murder in the second degree it has never been deemed necessary for the indictment to state that the killing was done 'without deliberation and premeditation,' nor do we deem it essential that in charging the crime of fornication for the indictment to allege that the act committed was not rape or, in the language of the statute, that the criminal act charged in the indictment was committed 'in such manner as does not make the act rape.' The reason, making it unnecessary for an indictment, drawn under Section 2077, to negative the clause 'in such manner as does not make the act rape,' or for an indictment, drawn under Section 1894, to negative the clause 'without deliberation and premeditation,' is that the matters referred to in these clauses do not form a portion of the statutory description of those crimes so that the ingredients of either crime cannot be accurately and definitely stated if the exception is omitted. * * *"

We likewise hold that the phrase "without intent to steal" in ORS 164.670 is not part of the definition of the crime of using a vehicle without authority and need not be proved.

■■ It is next contended that the evidence indicates that the crime committed was larceny rather than "joy-riding" since the defendant did, in fact, intend to

steal the automobile. Though this may well be true, defendant cannot complain of the conviction for the lesser offense. The state may elect to obtain a conviction for the lesser or included offense even though the accused is guilty of the greater offense.

In *State v. Harvey,* 119 Or 512, 249 P 172, we upheld a conviction of the crime of an attempt to commit sodomy though the evidence tended to show that the crime of sodomy was actually consummated. Section 1552, Or L, now ORS 136.660, provides:

> "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment or of an attempt to commit such crime."

The court concluded at page 515 that in light of this statute, "no sound reason can be advanced for acquitting one charged with only the lesser offense upon evidence tending to prove the substantive offense."

This principle has also been applied in the case of a conviction of manslaughter but proof of murder (*Price v. State,* 152 Miss 625, 120 So 751; *Bradshaw v. Commonwealth,* 174 Va 391, 4 SE2d 752; *Wysong v. State,* 66 Tex Cr 201, 146 SW 941; *State v. Morrison,* 52 Idaho 99, 11 P2d 619; *Holmes v. State,* 54 Okla Cr 111, 16 P2d 264); conviction of larceny but proof of robbery (*Coon v. State,* 109 Ark 354, 160 SW 226; *Shannon v. State,* 170 Tex Cr 91, 338 SW2d 462, cert den 364 US 935, 81 S Ct 386, 5 L Ed2d 369); conviction of petit larceny but proof of grand larceny (*People v. Lefkowitz,* 248 NY Supp 615; *State v. Morris,* 149 Minn 41, 182 NW 721); conviction of a lesser sex crime but proof of rape (*People v. Caminiti,* 28 NYSupp2d 133; *Lewis v. State,* 171 Tex Cr 231, 346 SW2d 608); conviction of lewd and lascivious conduct but proof

of assault with intent to rape (*Petty v. Deane*, 73 Idaho 136, 248 P2d 218); conviction of robbery without a deadly weapon but proof of robbery with a deadly weapon (*Martin v. State*, 100 Fla 16, 129 So 112); conviction of assault and battery but proof of false arrest or imprisonment (*Alder v. Commonwealth*, 307 Ky 471, 211 SW2d 678); conviction of second degree burglary but proof of first degree burglary (*People v. Novo*, 12 Cal App2d 525, 55 P2d 915, 56 P2d 560); and conviction of second degree arson but proof of first degree arson (*State v. Rudman*, 327 Mo 260, 37 SW2d 409).

It is thus clear that the fact that the defendant might have been guilty of the greater crime of larceny is no defense to his conviction under ORS 164.670.

■ Defendant's final contention is that even though "without intent to steal" is not an element of the crime of using a motor vehicle without authority, it must nonetheless be proved since it was alleged in the indictment. There is no merit in this argument. A specific intent is not an element of the crime charged.

The judgment is affirmed.