456 P.2d 154

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Frederick B. ASH, Defendant and Appellant.**

**No. 11411.**

Supreme Court of Utah.

June 30, 1969.

---

Frederick B. Ash, pro se.

Vernon B. Romney, Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant was charged with the commission of the crimes of grand larceny and resisting or obstructing an officer in the performance of his duty. The two charges were consolidated for trial, and the defendant was convicted in both cases. He appeals and claims the trial court committed prejudicial error in two particulars: (a) by refusing to charge on a lesser and included offense; (b) by not according the defendant a speedy trial. We will examine the two assignments of error in reverse order.

The evidence showed that the defendant was a guest in a motel and that shortly after midnight on March 25, 1968, he left the motel driving an automobile belonging to another person without any right so to do. A deputy sheriff and the mo-tel owner followed in hot pursuit and overtook the defendant after about a three-mile chase. The defendant refused to stop, although the officer sounded the siren and turned on the red light. In a further effort to cause the defendant to stop, the officer drove along the side of the speeding car and turned a white light in the defendant's face, all to no avail. The defendant continued driving at a high rate of speed. The officer then attempted to get ahead of the defendant's car, but the defendant drove into the officer's car, and the two became locked together, traveling some 1600 feet along the highway, until the officer applied the brakes of his car, causing the car the defendant was driving to swerve into a borrow pit and to turn over.

In the car which defendant was driving were shaving equipment, some underwear, two boxes of .22 caliber shells, a new .22 caliber revolver, and a hat identified as that worn by defendant when he drove past the officer up by the motel.

The defendant was arrested March 25, arraigned May 21, and tried June 24, all in 1968. The record shows that at the time of arraignment the defendant, through his counsel, requested that the case be remanded for a further preliminary hearing, as he was not then ready for trial. His request was denied, and the court set the case for trial on June 24, 1968, some 34 days later.

The record does not show that the defendant made any demand for an earlier trial date. The cases hold that there can be no grounds to complain of a failure to have a speedy trial until after arraignment and then only if a demand is made for an earlier trial date. See State v. Renzo, 21 Utah 2d 205, 443 P.2d 392 (1968), and the cases therein cited. It thus seems clear that the defendant was not denied a speedy trial.

As to his claim that the court erred in not charging the jury that they might find defendant guilty of violating Sec. 41–1–109, U.C.A.1953,[1] the cases hold that ordinarily when one is convicted of a greater offense, he has no right to complain because there may have been error in instructing on a lesser offense.[2]

This court in State v. Gallegos, 16 Utah 2d 102, 104, 396 P.2d 414 (1964), held:

Also, it is generally held, under ordinary factual situations, that where a jury finds the defendant guilty of a greater offense, the giving of an erroneous instruction on a lesser offense is not prejudicial. If the jury were convinced from the evidence beyond a reasonable doubt that defendants were guilty of second degree murder, the failure to spell out in detail the required intentions for voluntary manslaughter could not reasonably influence their decision.

If it would not be prejudicial to instruct erroneously on a lesser offense when the defendant is convicted of the greater offense, it would likewise not be erroneous to fail to instruct on such lesser offense.

In the instant case the jury found the defendant guilty of intending to deprive the owner *permanently* of the use of his car, and we cannot see why they should also have been required to decide if he only intended to deprive the owner *temporarily*. The two crimes are based upon contrary intentions in the mind of the defendant. However, this does not mean that one offense is necessarily included within the charge made of the other. An acquittal of one is not a bar to a prosecution for the other offense. The law is stated in 7 Am. Jur.2d, Automobiles and Highway Traffic § 343, to be as follows:

* * * Furthermore, since the offense of taking and using a motor vehicle without the consent of its owner is distinct in its elements from the offense of larceny, an acquittal of one of these

1. The section insofar as material reads: "Any person who drives a vehicle, not his own, without the consent of the owner thereof and with intent temporarily to deprive said owner of his possession of such vehicle, without intent to steal the same is guilty of a misdemeanor. * * * "

2. See cases collected in Nat. Rep. System, Criminal Law, Sec. 1192(8); also see State v. Prince, 75 Utah 205, 284 P. 108; State v. Brande, 115 Utah 85, 202 P.2d 556.

offenses is not a bar to a prosecution for the other.  *  *  *

In this case the defendant could not have been prejudiced by a failure to have the jury consider whether his intent was to deprive the owner of the use of his car *temporarily* because the court clearly told the jury to find the defendant not guilty if they failed to find beyond a reasonable doubt that he intended to deprive the owner *permanently* of the use of the car.

There being no error in the proceedings below, the judgment and sentence of the trial court are affirmed.

CALLISTER, TUCKETT and HENRIOD, JJ., concur.

CROCKETT, Chief Justice (dissenting in part).

I agree that under the facts in this case there was no error prejudicial to the defendant. However, I feel impelled to note that I am unable to agree with the generality that wherever an accused has been convicted of the greater offense, he has no right to complain because there may have been error with respect to instructing on a lesser offense. To say categorically that if he has been convicted of the greater offense, he has no right to complain because there may have been error in instructing on a lesser offense is, in my judgment, an unrealistic ex post facto analysis which fails to take into consideration the situation during a trial when no one knows what view the jury may take of the evidence. It seems to me that this depends upon what the evidence is in the particular case and what findings reasonably might be made therefrom.

The invariably accepted rule is that both sides to a lawsuit are entitled to have instructions to the jury based on their respective theories of the case. There will be situations where the evidence is in conflict, and depending upon the view of the evidence the jury will adopt, the accused could be found guilty of a greater or of a lesser offense. Neither the court nor the prosecution should be able to force him into the position of giving the jury only the all or nothing choice; although he can make such a choice if he so desires. See State v. Mitchell, 3 Utah 2d 70, 278 P.2d 618. But if the evidence so justifies and he chooses otherwise, he should be entitled to an accurate instruction on the lesser offense to guide the jury in case they adopt a view of the evidence which would bring about that conviction, State v. Hyams, 64 Utah 285, 230 P. 349. In such an instance it is conceivable that the instruction given as to the lesser offense might be incomplete, inaccurate, or so confusing as to be incomprehensible, or it may even require proof of some element, or in some degree higher than the so-called greater offense. Thus the jury would not be given

**18**

a correct understanding as to the lesser offense. In such a situation it could not be said with certainty that if the jury had been given a correct understanding of the lesser offense, and the alternative of rendering such a verdict, they would not have done so. For the foregoing reasons I do not think it can properly be said that in all cases the failure to correctly instruct on a lesser offense is rendered harmless because the defendant was found guilty of a greater offense.