**The STATE of Utah, Plaintiff and Respondent,**

v.

**John Henry TAYLOR, Defendant and Appellant.**

**No. 14148.**

Supreme Court of Utah.

March 3, 1976.

Phil L. Hansen, of Phil L. Hansen & Associates, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal, after a jury trial, from convictions on three second-degree murder charges, another for attempted first-degree murder and for attempted second-degree murder, in a bar encounter affair in which defendant killed three people in what the jury seemed to think was in cold blood. Affirmed.

Taylor asserted three Points on Appeal, assigning three subdivisions under Point II, as bases for a reversal. No relief on appeal was asked by way of a new trial,— which we consider to be of little import in this particular case.

All of the points and subdivisions on appeal, in effect substantially urge error for failure to instruct the jury that *intention* was an essential to show guilt under the included offense or offenses of degrees of manslaughter. We agree that intention is an element of such offense but not necessarily of paramount concern, in a case like this.

This same urgence addressed to this court before has been resolved several times, epitomized by the principle enunciated in *State v. Gallegos,* and subsequent supportive cases,[1] that:

> Also, it is generally held, under ordinary factual situations, that where a jury finds the defendant guilty of a greater offense, the giving of an erroneous instruction on a lesser offense is not prejudicial. If the jury were convinced from the evidence beyond a reasonable doubt that defendants were guilty of second degree murder, the failure to spell out in detail the required intentions for voluntary manslaughter could not reasonably influence their decision.

It is no answer to say this case entails extraordinary factual situations, excluding it from the rule, including the oft-repeated excuse that it should go off on the grounds of drunkenness. The jury did not buy such a theory and it wasn't pressed too much,—justifiably because defendant, under his own steam or faculties, so to speak, left the bar, went some place in his truck, came back, with two lethal weapons, killed three people, and drove eighteen blocks home, or nearly three miles, through traffic, sans incident.

We are of the opinion that other less important points advanced by defendant merged themselves into the main thrust of this case,—the factor of intention,—which we are constrained to and do hold is insufficient to justify any conclusion of prejudicial error.

ELLETT, CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

1. *State v. Valdez,* 30 Utah 2d 54, 513 P.2d 422 (1973); *State v. Ash,* 23 Utah 2d 14, 456 P.2d 154 (1969); *State v. Gallegos,* 16 Utah 2d 102, 396 P.2d 414 (1964).