**The STATE of Utah, Plaintiff and Respondent,**

v.

**Edward Lane CORNISH, Defendant and Appellant.**

**No. 14781.**

Supreme Court of Utah.

Aug. 10, 1977.

Larry R. Keller, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Earl F. Dorius, David E. Yocum, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Before us is a defendant who was convicted of a violation of our "joy riding" statute, 41–1–109, U.C.A.1953, a misdemeanor. He was charged with theft of a motor vehicle, a felony of the second-degree. All statutory references are to U.C.A.1953.

On appeal defendant contends he is entitled to be discharged. This claim is grounded on the assertion the crime proscribed in 41–1–109 is not a lesser included offense of the crime of theft proscribed in 76–6–404. We do not agree, and affirm the trial court.

A vehicle belonging to Pioneer Dodge, Inc. was left unlocked, with the ignition key under the front seat. When the owner returned to the automobile, it was gone. The situation was reported to the police. Some twenty-four hours later, in the vicinity of the place where the car had been left, a policeman apprehended a traffic violator. Defendant was the one apprehended, and was driving the subject auto at the time.

The accusatory pleading (the information) alleged defendant "obtained property of Pioneer Dodge, Inc., with a purpose to deprive the said Pioneer Dodge, Inc., of said property and that said property was an operable motor vehicle."

During the trial before the court, defendant made a motion to dismiss, or in the alternative to reduce the charge to another offense. This motion was made at the con-

clusion of the state's case. Defense counsel conceded the state had proved defendant had no authority to be in possession of the vehicle; that the state had made a prima facie case that defendant temporarily intended to deprive the owner of the vehicle of possession. Defense counsel insisted there was no evidence defendant intended to deprive the owner permanently of his property.

The court expressed the view that under the evidence, he was uncertain of the intent of the defendant. The defense then presented its case and defendant testified.

The court stated defendant had admitted under oath he had the intent to deprive the owner temporarily of his vehicle. The court then ruled joy riding to be a lesser included offense of theft; and found defendant guilty of the lesser crime.

76–6–404 provides:

A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof.

76–6–401(3) provides:

"Purpose to deprive" means to have the conscious object:

(a) To withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost; . . .

41–1–109, provides:

Any person who drives a vehicle, not his own, without the consent of the owner thereof and with intent temporarily to deprive said owner of his possession of such vehicle, without intent to steal the same is guilty of a misdemeanor. . .

76–1–402(3) provides:

A defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; . . .

Both the theft and joy riding statutes require, as elements of the crime, an unauthorized control over the property of another with an intent to deprive him of his property. The only fact the state is not required to establish for joy riding, which is required for theft, is the intent to deprive permanently, or for such an extended period of time that a substantial portion of the economic value is lost.

The phrases in Sec. 41–1–109 "intent temporarily to deprive" and "without intent to steal" do not indicate a legislative intention that an element of the crime, which must be established to sustain conviction, is the time element. The state must establish an intent to deprive, but the negative "without intent to steal" viz., not permanently but temporarily, is not an element for the state to plead and prove.

In *State v. Eyle*[1] the court ruled the joy riding statute constituted an included offense of larceny, since the statute included all the elements of larceny except the intent to steal. It explained:

By employing the words "without intent to steal" the legislature meant to clearly distinguish the crime of "joy riding" from the greater crime of larceny and provide a specific penalty therefor. The words were not included so as to constitute an additional element for the state to prove.

In *Spencer v. State*[2] the court there ruled joy riding to be a lesser included offense of larceny. It stated that after a careful examination of the elements of both crimes, it was clear that the only difference in the two is that in joy riding there is not the element of intent to steal.[3]

---

1. 236 Or. 199, 388 P.2d 110, 111, 9 A.L.R.3d 628 (1963).

2. Tenn., 501 S.W.2d 799, 800 (1973).

3. Also see *State v. Shults*, Mont., 544 P.2d 817 (1976); *People v. Marshall*, 48 Cal.2d 394, 309 P.2d 456, 459 (1957), wherein the court observed that the intent to deprive the owner temporarily of the use of a vehicle is an element included in the intent to steal the vehicle.

In summary, both offenses have as common elements, an unauthorized use of a vehicle, with an intent to deprive the owner of possession. It is not incumbent upon the prosecution to prove the quantum of the intent under Sec. 41-1-109, for the terms "temporarily to deprive" and "without intent to steal" express no more than a legislative intention to distinguish this crime from the greater offense of theft, which requires proof of an additional element. If the crime of theft is charged, then the prosecution has the burden to prove the additional element that the intent to deprive was under the circumstances set forth in Sec. 76-6-401(3). If there is an issue of whether the prosecution has sustained this burden, or if the defendant presents evidence under his theory which negates the factors in Sec. 76-6-401(3), the matter of circumstances of the intent to deprive should be submitted to the trier of fact. If the trier of fact is convinced there was an unauthorized use of the vehicle, with an intent to deprive the owner, but is not convinced beyond a reasonable doubt the prosecution has sustained its burden to present and prove one of the factors set forth in Sec. 76-6-401(3); then defendant should be found guilty of the lesser, included offense set forth in Sec. 41-1-109.

CROCKETT, WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting).

The defendant was tried by the court for the crime of theft of an automobile and was found not guilty. The court then found the defendant guilty of "depriving an owner of a vehicle, an included offense."

The crime of which the defendant was found guilty is not an included offense with the crime of theft. Theft requires an asportation, and that element is made out by a movement of the vehicle, whether by pushing or by pulling with external forces. The crime of depriving an owner has one other element that is not required in theft, to wit: the defendant must "drive" the automobile.

There cannot be an included offense unless all the elements of the smaller offense are included in the greater one. The law is stated in 7 Am.Jur.2d., Automobiles and Highway Traffic, Section 343 as follows:

. . . Furthermore, since the offense of taking and using a motor vehicle without the consent of its owner is distinct in its elements from the offense of larceny, an acquittal of one of these offenses is not a bar to a prosecution for the other.

In the case of *State v. Ash*,[1] the defendant was convicted of theft of an automobile, and on appeal claimed that the trial court should have instructed on the included offense of depriving an owner of the use of his automobile. This Court answered that claim in the following language:

In the instant case the jury found the defendant guilty of intending to deprive the owner *permanently* of the use of his car, and we cannot see why they should also have been required to decide if he only intended to deprive the owner *temporarily*. The two crimes are based upon contrary intentions in the mind of the defendant. However, this does not mean that one offense is necessarily included within the charge made of the other. An acquittal of one is not a bar to a prosecution for the other offense.

It appears to me that the crime of depriving is not included in that of theft; and even if it were included, a finding of "not guilty" of theft would prevent a finding of guilt of the lesser offense, the elements of which were all included in the crime of which he was acquitted.

The judgment should be reversed.

---

1. 23 Utah 2d 14, 456 P.2d 154 (1969).