The STATE of Utah, Plaintiff
and Respondent,

v.

Richard Ivan LLOYD, Defendant
and Appellant.

No. 14472.

Supreme Court of Utah.

Aug. 10, 1977.

Larry R. Keller, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul VanDam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

The principal issue raised in this appeal is whether or not the unlawful taking of a vehicle, Utah Code Annotated, Section 41-1-109 (1953), is a lesser and included offense of theft of an operable motor vehicle, Utah Code Annotated, Section 76-6-404 (Supp.1975). All subsequent statutory references are to Utah Code Annotated (Supp. 1975) unless otherwise indicated.

The owner of the automobile in question in this case parked it in front of his home in Salt Lake City, Utah, on September 28, 1975. At about 3:00 a. m. of the following morning, the defendant was discovered in the automobile by policemen a short distance from the owner's home. The automobile was damaged beyond repair, and though the defendant was not injured, he was unconscious due to an overdose of heroin. He testified that he had no recollection of taking the vehicle.

Defendant was charged with theft of an operable motor vehicle pursuant to Section 76-6-404, which states: "A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof." This is punishable as a second degree felony under

Section 76–6–412. Section 76–6–401 defines "Purpose to deprive" as:

. . . to have the conscious object [t]o withhold property *permanently* or for so extended a period of use under such circumstances that a substantial portion of its economic value . . . would be lost. [Emphasis added.]

Section 41–1–109 (1953) provides:

Unlawful taking of vehicles a misdemeanor.—Any person who drives a vehicle, not his own, without the consent of the owner thereof and with intent *temporarily* to deprive said owner of his possession of such vehicle, without intent to steal the same is guilty of a misdemeanor. [Emphasis added.]

Defendant was tried in the District Court of Salt Lake County by the Court without a jury. In his closing argument, counsel for defendant argued that unlawful taking was not a lesser included offense of auto theft as charged in the information. Defendant was then acquitted by the Court of the charge of auto theft. A discussion, noted infra, between the Court and counsel preceded and followed this pronouncement of acquittal. The court then concluded that unlawful taking was a lesser included offense and found the defendant guilty of that misdemeanor. Defendant then appealed.

A defendant may only be found guilty of the offense charged or "of any offense the commission of which is necessarily included in that with which he is charged . . ." Section 77–33–6 (1953). Also Section 76–1–402(3) states that:

An offense is so included when

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It constitutes an attempt, solicitation, . . . ; or

(c) It is specifically designated by a statute as a lesser included offense.

Defendant contends that because unlawful taking requires an intent to *temporarily* deprive and auto theft requires an intent to *permanently* deprive, the former is not a lesser included offense of the latter; on the contrary, he contends, they are distinct and mutually exclusive claims. Defendant relies on this Court's *dictum* in *State v. Ash,* 23 Utah 2d 14, 456 P.2d 154 (1969):

The two crimes are based upon contrary intentions in the mind of the defendant. However, this does not mean that one offense is necessarily included within the charge made of the other. An acquittal of one is not a bar to a prosecution for the other offense.

(Note that grand larceny rather than auto theft was involved in *Ash,* since the former criminal code was still in effect.)

■ The contention by defendant that the unlawful taking of a vehicle under Section 41–1–109, supra, is not a lesser and included offense of theft of an operable motor vehicle under Section 76–6–404, supra, is rejected for reasons stated today in *State v. Cornish,* Utah, 568 P.2d 360.

Another issue raised by the defendant, which he contends requires reversal, relates to the pronouncement by the District Court of acquitting the defendant "of the offense as charged, that of theft, a felony of the second degree" followed by a brief argument by counsel for the parties in Court concerning the filing of a new complaint, at the conclusion of which the judge stated that "the Court now further finds the defendant . . . is guilty of a lesser and included offense, that of unlawful taking of a motor vehicle. . . ." Defendant contends that when the judge acquitted the defendant of the felony the trial ended and he should have been immediately discharged, relying upon Utah Code Annotated, Section 77–33–12 (1953) which states:

If judgment of acquittal is given on a verdict, and the defendant is not detained for any other legal cause, he must be discharged as soon as the judgment is given.

The record discloses that just prior to acquitting the defendant of the felony, the trial judge did say: ". . . No question is my mind but . . . he's guilty of the misdemeanor."

It is noted that only a few minutes elapsed in an uninterrupted judicial process of the Court's reaching a verdict and judgment, consisting, in sequence of (a) a statement by the trial judge that he believed the defendant guilty of a misdemeanor, (b) a pronouncement by the judge that defendant was acquitted of the felony charged, (c) a discussion between counsel and the judge concerning filing a new complaint, and (d) the pronouncement by the judge that the defendant was guilty of the lesser offense.

■ The statute cited by defendant above is not infused with the need for instancy to discharge him which he urges upon us. The trial judge's comment ". . the Court does now acquit the defendant of the offense as charged . . .", in the context herein described, did not invalidate the subsequent verdict and judgment of guilty of the lesser offense.

Affirmed.

CROCKETT and MAUGHAN, JJ., concur.

HALL, J., having disqualified himself, does not participate herein.

ELLETT, Chief Justice (dissenting).

In order for one crime to be included in another crime, there must not be any elements in the lesser that were not also in the greater.[1] The law is stated in 7 Am.Jur.2d., Automobiles and Highway Traffic, Section 343 as follows:

. . . Furthermore, since the offense of taking and using a motor vehicle without the consent of its owner is distinct in its elements from the offense of larceny, an acquittal of one of these offenses is not a bar to a prosecution for the other.
. . .

The reason for this is that there is an element in depriving an owner which is not required for the crime of larceny. The crime of larceny is set out in our statute thus:

A person commits theft if he obtains or exercises unauthorized control over the property[2] of another with a purpose to deprive him thereof.

The crime of depriving an owner of his automobile is defined in our statute as follows:

Any person who *drives* a vehicle, not his own, without the consent of the owner thereof and with intent *temporarily* to deprive said owner of his possession of such vehicle, without intent to steal the same is guilty of a misdemeanor. . . .[3] [Emphasis added.]

It is obvious that there is an element in the crime of depriving an owner that is not required in the crime of larceny, to wit: the defendant must *drive* the car, which in larceny he need not do. In larceny, the defendant may push the motor vehicle, he may dismantle it, or he may load it on a truck and haul it away. One may steal a motor vehicle that cannot be started, but in order to deprive a owner of the use of his car, the defendant must *drive* it.

The law of depriving was enacted to serve as a deterrent to the propensity of young people to take a joy ride in an automobile that they did not own, without having to charge them with the felony of stealing the car when they were apprehended. Therefore, "driving" was intentionally made an element of the crime.

In the case of *State v. Ash*[4] this Court said:

In the instant case the jury found the defendant guilty of intending to deprive the owner *permanently* of the use of his car, and we cannot see why they should

1. *Beck v. State*, 238 Ind. 210, 149 N.E.2d 695, 697 (1958); *State v. Matthews*, 295 A.2d 745, 747 (Del.Super.1972); *Gaskin v. State*, 244 Ark. 541, 426 S.W.2d 407, 409 (1968).

2. 76–6–404, U.C.A.1953 as amended (1975 Supp.).

3. 41–1–109, U.C.A.1953 as amended.

4. 23 Utah 2d 14, 456 P.2d 154 (1969).

also have been required to decide if he only intended to deprive the owner *temporarily*. The two crimes are based upon contrary intentions in the mind of the defendant. However, this does not mean that one offense is necessarily included within the charge made of the other. *An acquittal of one is not a bar to a prosecution for the other offense.* . . . [Emphasis added.]

Whether or not the court can find a defendant guilty of an included offense after he has found the defendant not guilty of the greater matter is not in this case for the reason that depriving an owner of the use of his motor vehicle is not an included offense in the crime of larceny with which appellant was charged and acquitted. The state may file a complaint for depriving an owner if it chooses to do so.

I would reverse the judgment of conviction.