The STATE of Utah, Plaintiff and Respondent,

v.

James N. TUCKER, George Christensen, and Kenneth Sharp, Defendants and Appellants.

Nos. 16019, 16040 and 16147.

Supreme Court of Utah.

Sept. 23, 1980.

Ronald J. Yengich and Brad Rich of O'Connell & Yengich, Kevin Kurumada of Salt Lake Legal Defenders Association, Salt Lake City, for defendants and appellants.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, former Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

The present appeal consolidates three actions below. The respective defendants Kenneth Sharp (hereafter "Sharp"), George Christensen (hereafter "Christensen"), and James N. Tucker (hereafter "Tucker") all appeal a conviction of auto theft.[1] In addition, defendants Sharp and Christensen appeal convictions of aiding the escape of a person from official custody.[2] Defendant Tucker was convicted of escape, from which conviction he takes no appeal.

All three defendants were, on April 18, 1978, in custody at the Utah State Prison, in the minimum security section. Defendant Tucker was serving time for a prior

---

1. In violation of U.C.A., 1953, 76–6–404.

2. In violation of U.C.A., 1953, 76–8–310.

conviction of rape. Defendants Sharp and Christensen were in custody pursuant to a 90–day presentence evaluation order following felony convictions.

At approximately 1:00 p. m. on April 18, defendants were sent to the site of a work detail on the prison grounds. Some two hours later, the work site was discovered abandoned. A head count at minimum security indicated that defendants were not present.

At about the time defendants' absence from the prison area was discovered, three individuals matching defendants' descriptions were seen in the town of Riverton, Utah, not far from the prison. A Mrs. Marcia Ruark testified that, around 3:00 p. m., she was in a retail establishment in Riverton when she heard an automobile start outside. Emerging from the store, Mrs. Ruark saw her 1971 Cadillac being driven away. She had not given anyone permission to use the car, and notified the police. Shortly thereafter, Riverton police officers located the vehicle and gave chase. The pursuit, which reached up to 90 miles per hour at times, finally went up nearby Butterfield Canyon. There, the police found the car abandoned. A search of the area surrounding the car located defendants Sharp and Christensen. Defendant Tucker was later apprehended while hitchhiking.

At trial, defendant Tucker testified that he had been intoxicated at the time the three left the prison grounds. He claimed that their departure was not together, but that he had met Sharp and Christensen in Riverton. Tucker asserted that, sometime later, he and Sharp were together when Christensen appeared with the automobile. The three, he claimed, intended to drive the car back to the prison, but then decided to drive around for a while first. When the police began to pursue them, the three panicked and attempted to escape.

We deal first with the appeal taken by defendants Sharp and Christensen from their conviction of the offense of aiding an escape. Under Utah law,[3] a person is guilty of a criminal violation if: "(a) He aids another person to escape from official custody; or (b) He knowingly provides a person in official custody with anything which may facilitate such person's escape; or (c) Being a person in official custody, he knowingly procures, makes, or possesses anything which may facilitate escape." Where the aid or assistance is rendered to a person who is confined as a prisoner in the State Prison, the offense is a second–degree felony.[4] The fundamental assertion of defendants Sharp and Christensen is that the State failed to establish all elements of the offense charged.

■ Sharp and Christensen first assert that the State failed to establish that defendants were acting with the requisite intent. As with all statutory criminal violations in this jurisdiction which are not predicated on absolute liability, the offense with which defendants Sharp and Christensen are charged requires a general intent to do the forbidden act.[5] Defendants Sharp and Christensen reason that, since they have been charged with aiding in the commission of an offense, they must, under Utah law, be shown to have been acting with the same mental state or intent which motivated the principal offender (in this case, defendant Tucker).[6] Defendants Sharp and Christensen argue that, since their intent was to effect their own escape, and not that of Tucker, this identity of mental state was lacking.

■ The foregoing assertions are unfounded. Defendants Sharp and Christensen were not charged as parties in the crime of escape, but were charged as principals in

3. Id.

4. U.C.A., 1953, 76–8–310(2).

5. U.C.A., 1953, 76–2–102 and 76–2–103.

6. Citing U.C.A., 1953, 76–2–202, which states that "Every person, acting with the mental state required for the commission of an offense who directly commits the offense, who solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct."

the crime of aiding an escape, a separate and distinct statutory offense. As such, the intent or mental state of the individual whom they were assisting is irrelevant. It is important only that they intentionally, knowingly, or recklessly aided another in the escape from official custody, furnished such other with anything to facilitate such escape, or (they being themselves in official custody) procured anything which might facilitate such an escape. The evidence supports the fact that defendants Sharp and Christensen procured the automobile of another in which they deliberately invited Tucker to ride, and in which they attempted to evade capture by police. The requisite intent is thereby amply established.

■ Defendants Sharp and Christensen next challenge their conviction for aiding an escape by arguing that no aid was afforded defendant Tucker prior to the time the three met in the town of Riverton, by which time the escape was complete. Therefore, they reason, they cannot rightly be charged with having furnished aid during Tucker's actual escape.

This argument likewise misconstrues the nature of the offense with which the defendants were charged. A violation of the applicable statute occurs whenever aid is offered to an individual who is attempting, *or has completed*, an escape from official and lawful custody prior to discharge by due process of law.[7] Any other interpretation would sanction the aiding and harboring of any escaping prisoner who managed to set foot on the ground outside the prison wall. Such a narrow reading of the statute would unquestionably subvert its primary purpose.

Defendants Sharp and Christensen next suggest that the State failed to prove that they offered defendant Tucker aid in his escape, as that term is legally understood. It is their assertion that, in order to be properly charged as aiders and abetters of an escape, they must be shown to have been acting in prearranged concert with defendant Tucker, or with his awareness of their intent to furnish aid.

■ It is sufficient answer to this to point out, once again, that defendants Sharp and Christensen were not charged as parties to the crime of escape, but as principals in the crime of aiding escape. As such, any necessity of a prearranged conspiracy or an expression of intent to give aid is obviated.

Defendants Sharp and Christensen finally argue that their offense is prohibited by two separate and conflicting statutory provisions: that with which they were charged, and that prohibiting escape from official custody.[8] Citing the decision of *State v. Shondel*,[9] they argue the latter provision should prevail over the former, as it imposes a lesser punishment.[10]

. ■ This argument misconstrues the nature of the statutes involved. The former prohibits the aiding of another individual in escaping from official custody, while the latter prohibits the effecting of one's own escape. Where, as in the present case, an escaping prisoner assists another prisoner to escape, both statutes may be applicable. As such, they deal with distinct and separate acts, and are therefore not conflicting. The fact that defendants Sharp and Christensen were not charged in the present case with escape in no way impugns their conviction for aiding in defendant Tucker's escape.

■ With regard to their conviction for theft of a motor vehicle, defendants make two essentially interrelated claims: (1) that the trial court erred in refusing to give a requested instruction relating to the lesser included offense of temporary deprivation of a motor vehicle,[11] and (2) that the state failed to establish an intent on the

---

7. 30A C.J.S., Escape, Section 18.

8. U.C.A., 1953, 76–8–309.

9. 22 Utah 2d 343, 453 P.2d 146 (1969).

10. U.C.A., 1953, 76-8-309(2)(b) specifies that individuals in the position of defendants Sharp and Christensen commit only a class B misdemeanor by effecting an escape.

11. U.C.A., 1953, 41-1-109.

part of defendants permanently to deprive the owner of the automobile of possession thereof.

Defendants correctly observe that the temporary deprivation, or "joy–riding," provision is a lesser offense included in the offense of theft of a motor vehicle.[12] As such, defendants, having been charged with the latter offense, are entitled to an instruction on the former offense if there is a "rational basis for a verdict acquitting [them] of the offense charged and convicting [them] of the included offense."[13] In deciding whether or not such a rational basis exists, the trial court must necessarily be accorded a certain amount of discretion. We hold that the court below did not abuse such discretion in finding that no rational basis existed to support defendants' contention that the automobile was taken without intent permanently to deprive the owner thereof. The three defendants were escapees from a state prison facility, still on foot, in prison garb, and only a few miles from the prison. Their actions in taking the automobile without permission, attempting to elude police capture by means of a high–speed automobile chase, and abandoning the automobile in the middle of a canyon road, all render highly untenable their assertion that they intended to drive the automobile back to the prison, or otherwise see that it was returned unharmed to Mrs. Ruark's possession.

Conversely, the evidence produced at trial was sufficient to support the state's burden of proving that defendants took the automobile with an intent permanently to deprive the owner thereof. This Court will overturn a verdict on the basis of evidentiary insufficiency only where, as a matter of law, reasonable minds must entertain a reasonable doubt that one or more elements of the alleged offense has been proven.[14] A review of the evidence in the present case clearly supports the conviction of theft of a motor vehicle.

Defendants' convictions are hereby affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

---

12. *State v. Lloyd*, Utah, 568 P.2d 357 (1977); *State v. Cornish*, Utah, 568 P.2d 360 (1977).

13. U.C.A., 1953, 76–1–402(4); see also *State v. Eagle*, Utah, 611 P.2d 1211 (1980); *State v. Hendricks*, Utah, 596 P.2d 633 (1979).

14. *State v. Gorlick*, Utah, 605 P.2d 761 (1979).