## PEOPLE *v.* RYNO.

1. RAPE—CONSENT—EVIDENCE—REPUTATION—CHASTITY.

   The bad reputation of a prosecuting witness above the age of consent prior to the date of an alleged rape is admissible to show that the intercourse may have been consented to.

2. SAME—INSTRUCTIONS—LESSER OFFENSES.

   On a prosecution for assault with intent to rape, it is error not to instruct on the lesser offenses included in the offense charged.

Error to recorder's court of Detroit; Phelan, J. Submitted October 18, 1906. (Docket No. 163.) Decided April 30, 1907.

William A. Ryno was convicted of an assault with intent to commit the crime of rape, and sentenced to imprisonment for not less than one year in the State prison at Jackson. Reversed.

*Thomas J. Mahon* and *J. Edward Bland*, for appellant.

*Ormond F. Hunt*, Prosecuting Attorney, and *Walter M. Trevor*, Assistant Prosecuting Attorney, for the people.

McALVAY, C. J. Respondent, with two others, was informed against upon a charge of rape before the recorder's court of the city of Detroit. Upon a separate trial, he was convicted of an assault with intent to commit the crime of rape, and sentenced to be confined not less than one year in the State prison at Jackson.

The facts of the case upon which the prosecution relied were as follows: These three respondents were employed by a certain firm, engaged among other things in moving household goods in the city of Detroit. That for the pur-

pose of moving such goods they came to the house where the mother of the complaining witness lived, with a team and moving van, towards evening of the 7th day of September, 1904, loaded up the van with furniture to take to the house to which the mother was moving, and, when ready to start, the young woman, who was above the age of 16 years, at the request of the mother, because it was raining at the time, rode with them. After arriving at their destination, and after the furniture was put into the house, when the young woman was about to leave to go back to her mother, she claims that these men seized and carried her from the front room into the kichen, threw her upon the floor, and each of them by force and against her utmost resistance had sexual intercourse with her. She made no complaint until the next morning, when she told her mother, because, she claims, she was afraid to do so. She also testified that she contracted a venereal disease from one of these parties. Her family physician testified that, when he examined her, there was no evidence of penetration through the hymen; that the complete act could not have been committed on account of her undeveloped condition; that he treated her during the latter part of September for gonorrhea.

On October 5th two officers entered by the side door the premises of the employer and asked for these men. Respondent was present, but, being unknown to the officers, passed out of the front door. He went to where the other two respondents were with the team, and they soon after left the team standing in the street four or five blocks away from the barn or office, and telephoned to the employer where the team was left. Respondent went away the same day, and was afterwards arrested at Flint. The officers who arrested him testified that he confessed that he had intercourse with the girl. The prosecution on the trial abandoned the charge of rape, and asked for a conviction for an assault with intent to commit the crime of rape.

Upon a writ of error respondent asks this court to re-

verse the judgment of the court below. Of the numerous errors assigned it is necessary to consider but a few.

On the part of respondent two witnesses were produced, who testified 'they knew the complaining witness well, and to each of them the following question was propounded : " *Q.* Do you know her general reputation in the neighborhood in which she lives for chastity ? " In each instance objection was made by the prosecutor and sustained. To these rulings exceptions were taken and upon these exceptions errors are assigned. The trial court was in error. The bad reputation of a prosecuting witness above the age of consent for chastity prior to the date of the offense charged, to show that the intercourse may have been consented to, is relevant. 3 Greenleaf on Evidence (16th Ed.), § 214; Underhill on Criminal Evidence, § 418; *People* v. *Abbott,* 97 Mich. 486; *People* v. *McLean,* 71 Mich. 309.

Error is also assigned because the court failed to properly instruct the jury as to the lesser offenses included in the crime of assault with intent to commit the crime of rape, and that they might convict of either of the lesser offenses in case they could not find the highest offense charged. It was error not to do so. *Hall* v. *People,* 47 Mich. 636; *People* v. *Abbott,* 97 Mich. 484.

The other errors relied upon were not prejudicial. For the errors pointed out, the judgment is reversed, and a new trial ordered.

CARPENTER, BLAIR, MONTGOMERY, and MOORE, JJ., concurred.