|153　　57|
|153　¹648|

HARRIS *v.* NEAL.

1. RAPE—CIVIL ACTION—EVIDENCE—REPUTATION OF PLAINTIFF.
    In a civil action for rape, plaintiff's reputation for chastity was not material as bearing upon the probability of her testimony, and proof that her reputation was bad having been admitted in mitigation of damages, the jury were properly instructed that they could consider it for no other purpose.

2. TRIAL—INSTRUCTIONS—WEIGHT OF EVIDENCE—ALIBI.
    An instruction that an alibi, when established, furnishes the best of defenses, because a man cannot be in two places at one and the same time, but the jury should examine such evidence carefully in determining its truth or falsity, *held,* when read with the entire charge, not to improperly suggest a doubt of the credibility of defendant's witnesses.

Error to Livingston; Miner, J. Submitted April 15, 1908. (Docket No. 57.) Decided May 26, 1908.

Case by Celia Harris against James Neal for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*William P. Van Winkle* and *William E. Robb,* for appellant.

*Albert L. Chandler,* for appellee.

CARPENTER, J. Plaintiff alleges that she was assaulted and raped by defendant. She brought this suit to recover compensation. Her testimony supported her claim. Defendant denied having had any intercourse with plaintiff and he introduced testimony tending to prove an alibi. The issue was submitted to a jury who rendered a verdict in plaintiff's favor. Defendant seeks a reversal. Defendant was permitted to introduce testimony tending to prove that plaintiff had a bad reputation for chastity. The trial court held that this testimony could be used

only for the purpose of mitigating damages. Defendant contends that this was error; that the testimony was "material as bearing upon the probability of plaintiff's testimony."

In the interest of clearness we think it proper for us to distinguish the question raised by defendant's contention from certain other questions which often arise. The question is different from the one which arises when a female witness upon cross-examination for the purpose of affecting her credibility is asked questions imputing lack of chastity. While the law in such cases is not thoroughly settled, this much may be safely stated, that the trial court has authority to exclude such testimony (*Knickerbocker* v. *Worthing*, 138 Mich. 224) and that the answers of the witness are conclusive. The question before us is also to be distinguished from the question which arises when it is sought to impair the credibility of a witness by proof of reputation. In such a case the proof of reputation is confined to reputation for veracity. *Leonard* v. *Pope*, 27 Mich. 145; *People* v. *Abbott*, 97 Mich. 488. The principles governing the admissibility of testimony in the two classes of cases above mentioned have no application to the question before us, and if they had, they would not sustain defendant's contention. The rule invoked by defendant's counsel is a different rule. He invokes the rule applied by this court in *People* v. *Ryno*, 148 Mich. 137. That was a criminal case wherein respondent was convicted of rape. There we held: "The bad reputation of a prosecuting witness above the age of consent for chastity prior to the date of the offense charged" was admissible as tending to prove that the intercourse may have been had by consent, and we reversed the judgment because this rule was violated by the trial court. The rule laid down in *People* v. *Ryno* would be applicable if the case at bar were a criminal case. It, however, is not a criminal case. It is a civil case, and this court has held that that rule is inapplicable to civil cases. *Adams* v.

*Elseffer*, 132 Mich. 100; *Knickerbocker* v. *Worthing*, supra.

*Adams* v. *Elseffer* was a suit brought by the employer Adams against his employé Elseffer to recover moneys alleged to have been misappropriated. As bearing upon the probability of innocence, defendant was permitted to introduce proof of good character. This court held such testimony inadmissible, saying:

"The correct rule, according to the great weight of authority, is that in civil actions the character of a party to the action may become the subject of proof in case, and only in case, it is involved in the issue. And we think the character is involved in the issue only in the cases in which either the right of recovery or the extent of recovery is affected by the character of either the plaintiff or the defendant."

In *Knickerbocker* v. *Worthing*, we applied the same principles, and there we held that defendant, who in a civil case was charged with committing adultery, could not introduce evidence of his good character for chastity. It may be said that those cases are to be distinguished from this because there the question related to the proof of character; here to the proof of reputation. This distinction is not tenable. The ordinary way of proving character — indeed, according to the weight of authority (3 Wigmore on Evidence, § 1983; *People* v. *McLean*, 71 Mich. 309) the only way of proving character—is to prove reputation. And the language of our opinion in *Adams* v. *Elseffer* very clearly indicates that proof of reputation as well as proof of character is inadmissible. Indeed, I think it may be said that the only sound argument which could be advanced for admitting testimony of reputation in such cases is that reputation furnishes evidence of character, and therefore the decision that proof of character is inadmissible is also a decision that proof of reputation is inadmissible. We conclude that proof of reputation was not admissible as bearing upon the probability of plaintiff's testimony, and it follows

that though admitted for another purpose, it could not be legitimately used for that purpose. The complaint under consideration discloses no error.

2. The trial court charged the jury:

" An alibi when established furnishes the best of defenses, because a man cannot be in two places at one and the same time. But it is your duty to examine such evidence carefully in determining its truth or falsity."

Defendant insists that this last sentence, above quoted, is an unwarranted discrimination. This could be so only upon the assumption that it improperly suggested a doubt of the credibility of the witnesses for the defendant. We do not think the language quoted, especially when read in connection with the entire charge, is open to that objection.

3. We are asked to reverse the decision of the trial court denying defendant's motion to grant a new trial upon the ground that the verdict was opposed to the weight of the testimony. We agree with the trial judge that the verdict was not against the weight of the testimony.

Judgment affirmed.

GRANT, C. J., and BLAIR and McALVAY, JJ., concurred. MONTGOMERY, J., concurred in the result.