PEOPLE v WALKER

1. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—EVIDENCE—ADMISSI-
BILITY—STATUTES.

The criminal sexual conduct statute by its own terms excludes
evidence of past sexual experiences in prosecutions for criminal
sexual conduct and assault with intent to commit criminal
sexual conduct; the statute and the exclusion rules do not apply
to a charge of breaking and entering an occupied dwelling with
an intent to commit a felony, even though the felony attempted
is criminal sexual conduct in the third degree (MCLA 750.520b,
750.520g; MSA 28.788[2], 28.788[7]).

2. HOMICIDE—REPUTATION OF DECEASED—SELF-DEFENSE.

A decedent's reputation for ferocity, brutality and the like, if
known by the defendant, may be shown in a prosecution for
homicide to support his claim that he acted in self-defense with
the reasonable belief that he was in imminent danger of death
or great bodily harm.

3. RAPE—PROSECUTING WITNESS—REPUTATION FOR CHASTITY—EVI-
DENCE—ADMISSIBILITY.

A complaining witness's reputation for lack of chastity might be

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 6–8] 29 Am Jur 2d, Evidence § 321.

Admissibility,in prosecution for sexual offense, of evidence of other
similar offenses. 77 ALR2d 841.

[2] 40 Am Jur 2d, Homicide §§ 301–309.

Admissibility of evidence as to other's character or reputation for
turbulence on question of self-defense by one charged with as-
sault or homicide. 1 ALR3d 571.

[3] 65 Am Jur 2d, Rape §§ 82–85.

Admissibility of prosecution evidence on issue of consent, that rape
victim was a virgin, absent defense attack on her chastity. 35
ALR2d 1452.

Mistake or lack of information as to victim's chastity as defense to
statutory rape. 44 ALR3d 1434.

[5] 75 Am Jur 2d, Trial §§ 651, 652.

[9] 76 Am Jur 2d, Trial § 1160.

Inconsistency of criminal verdict with verdict on another indict-
ment or information tried at same time. 16 ALR3d 866.

Inconsistency of criminal verdict as between different counts of
indictment or information. 18 ALR3d 259.

admissible in a rape prosecution if the defendant can show that he knew of that reputation and the evidence is necessary to support the defendant's claim that he had no intent to force himself on her.

4. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—EVIDENCE—STATE OF MIND.

Evidence of the complainant's reputation for chastity is admissible as bearing on a defendant's state of mind at the time of a breaking and entering where the prosecution is solely for breaking and entering with intent to commit criminal sexual conduct in the third degree.

5. EVIDENCE—PURPOSE—ADMISSIBILITY—USE OF EVIDENCE—INSTRUCTIONS TO JURY—EXCLUSION OF EVIDENCE.

The general practice where evidence is admissible for one purpose and inadmissible for another is to admit the evidence subject to a limiting instruction on use unless the legitimate use of the evidence is so slight compared to the possibility of jury misuse of the evidence that the trial court feels compelled to exclude the evidence entirely.

6. APPEAL AND ERROR—CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—WRONGFUL EXCLUSION OF EVIDENCE—REMAND—USELESS NEW TRIAL.

The appropriate remedy on an appeal from a conviction of breaking and entering an occupied dwelling with intent to commit criminal sexual conduct in the third degree where the trial court wrongfully barred the admission of reputation evidence is a remand to the trial court to allow the defendant an opportunity to present evidence on the questions of the complainant's reputation for chastity, and that the defendant knew of this reputation, rather than order what may be a useless new trial.

7. CRIMINAL LAW—CRIMINAL SEXUAL CONDUCT—EVIDENCE—CROSS-EXAMINATION—ACTS OF INTERCOURSE—THIRD PERSONS.

Cross-examination of the complaining witness in a trial for criminal sexual conduct as to specific acts of intercourse with third persons is not relevant to show bias on the part of the complainant in bringing the charge.

8. CRIMINAL LAW—DEFENDANT TESTIFYING—PRIOR CONVICTIONS—IMPEACHMENT—JUDGE'S DISCRETION.

A prior conviction of assault with intent to take indecent liberties was not so closely related to a charge of breaking and entering

an occupied dwelling with intent to commit criminal sexual conduct as to require its exclusion for impeachment purposes from a trial on the latter charge.

9. CRIMINAL LAW—INDICTMENT AND INFORMATION—INCONSISTENT VERDICTS.

Verdicts on two charges tried together will not be held inconsistent if they can be explained on any rational basis.

Appeal from Lapeer, Martin E. Clements, J. Submitted November 14, 1977, at Detroit. (Docket No. 77-107.) Decided February 6, 1978.

Louis N. Walker was convicted of breaking and entering an occupied dwelling with intent to commit criminal sexual conduct in the third degree. Defendant appeals. Remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward B. Meth,* Prosecuting Attorney, for the people.

*Robert W. Thomas,* for defendant on appeal.

Before: BRONSON, P. J., and ALLEN and T. M. BURNS, JJ.

T. M. BURNS, J. defendant was charged in a two-count information with criminal sexual conduct in the third degree, MCLA 750.520d; MSA 28.788(4), and breaking and entering an occupied dwelling with an intent to commit criminal sexual conduct in the third degree, MCLA 750.110; MSA 28.305. After extensive deliberation, the jury acquitted defendant on count one, the criminal sexual conduct charge, and convicted him of the breaking and entering charge. After his motion for acquittal notwithstanding the verdict was denied, defendant was sentenced to serve 6 to 15 years in prison.

## I

Before the trial in this case, defense counsel filed a motion *in limine* to allow cross-examination of the complainant on her past sexual experiences. At the argument on the motion, defense counsel stated he wished to show, among other things, the victim's reputation for chastity as bearing on defendant's state of mind on the breaking and entering charge. The trial court found the section of the statute prohibiting inquiry into the complainant's sexual past,[1] except in limited circumstances, applicable to this prosecution and a bar to the admission of reputation evidence. Defendant claims on appeal that this ruling was reversibly erroneous.

Before examining defendant's claim, it may be wise to identify the issues that are not involved. This case does not involve a claim that MCLA 750.520j; MSA 28.788(10) is unconstitutional because it bars relevant evidence on the issue of the complainant's consent (rebutting the state's case) or evidence relevant to the complainant's credibility or veracity. See, *People v Thompson,* 76 Mich

---

[1] MCLA 750.520j; MSA 28.788(10) provides: "(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

"(a) Evidence of the victim's past sexual conduct with the actor.

"(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

"(2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof. The court may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1)."

App 705; 257 NW2d 268 (1977); *People v Dawsey,* 76 Mich App 741; 257 NW2d 236 (1977); *People v Patterson,* 79 Mich App 393; 262 NW2d 835 (1977). What defendant does claim is that the circuit court incorrectly applied the statute to exclude evidence relevant to the issue of defendant's intent on the breaking and entering charge, *i.e.,* to show that he did not have the felonious intent claimed by the prosecutor.

The statute by its own terms excludes evidence only for prosecution under §§ 520b to 520g (MCLA 750.520b–520g; MSA 28.788[2]–28.788[7]). It does not apply to the breaking and entering charge. Two questions are therefore presented: (1) would the proposed evidence have been admissible if only a breaking and entering had been charged, and (2) is it admissible where defendant is also charged with an offense within the prohibitory section? These questions would not arise if the prosecutor had proceeded only on the first count—the evidence would be inadmissible.

What defense counsel sought to do was use one person's reputation for chastity (the victim's) to prove or argue that another person's conduct (defendant's entry of the house) was not done with the criminal intent charged. That distinguishes the present case from those in which it is stated that the victim's reputation may be shown to prove her conduct (consent) in a particular instance. *People v Ryno,* 148 Mich 137; 111 NW 740 (1907).

In this regard, the case appears to be unique. However, there are analogous situations. In a homicide prosecution, the deceased's reputation for ferocity, brutality and the like may be shown if known by the defendant in support of defendant's claim that he acted in self-defense, that is, that he

had a reasonable belief that he was in imminent danger of death or great bodily harm. *People v Walters,* 223 Mich 676, 680; 194 NW 538 (1923).

Similar reasoning would support defendant's claim here. If defendant knew the victim's reputation for chastity was bad, it would make his argument[2] that he did not intend to force himself on her more plausible than if this evidence were not admitted. See Michigan Proposed Rules of Evidence, Rule 401, 399 Mich 969.

Had this prosecution been solely for breaking and entering with intent to commit criminal sexual conduct in the third degree, evidence of the complainant's reputation for chastity would have been admissible as bearing on defendant's state of mind at the time of the breaking and entering.

This raises the second question noted above, what effect does the fact that defendant was also charged with criminal sexual conduct in the third degree, under which the evidence would not have been admissible, have on the question of admissibility? According to McCormick, the general practice where evidence is admissible for one purpose and inadmissible for another is to admit the evidence subject to a limiting instruction on use unless the legitimate use of the evidence is so slight compared to the possibility of jury misuse of the evidence that the trial court feels compelled to exclude the evidence entirely. McCormick, Evidence (2d ed), § 59, pp 135–136. This evidence could provide a rebuttal for the state's claim of criminal intent and would have been admissible for that purpose.

---

[2] Defendant did not testify at trial. However, a statement made by him shortly after his arrest was read to the jury. In this statement, defendant claimed to have had intercourse with the complainant on prior occasions and that the acts out of which the prosecution arose were consensual.

The trial court could have admitted the evidence subject to a limiting instruction in the present case. However, rather than order what may be a useless new trial, *cf. People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), the appropriate remedy is a remand to the trial court to allow defendant to present evidence on the question of the complainant's reputation for chastity and that defendant knew of this reputation. If her reputation was not bad, or if defendant did not have knowledge of this reputation, no reversible error is presented.

## II

Defendant also claims that he should have been allowed to cross-examine the complainant as to specific acts of intercourse with third persons to show bias on the part of the witness. It does not appear that evidence of specific acts with third persons would be especially relevant to showing the complainant's motive in bringing the charges in the present case. This argument is rejected.

## III

Defendant next contends that the trial court abused its discretion in refusing to grant his motion *in limine* to suppress reference to his 1972 assault with intent to take indecent liberties conviction should he take the stand.[3] A 15-year-old conviction for breaking and entering with intent to commit larceny was suppressed.

This contention is not well taken. Although assault with intent to take indecent liberties may be substantially the same conduct as criminal

[3] This issue is not made moot by defendant's failure to testify at trial. *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975).

sexual conduct in the third degree, defendant was acquitted of that charge. The prior conviction is not so closely related to the breaking and entering charge on which defendant was convicted, as to require its exclusion for impeachment purposes. See, *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

## IV

Defendant finally contends that the jury's verdict was fatally inconsistent. In ruling on defendant's motion for judgment of acquittal, the trial court stated:

"To me the main distinction with Count One and Count Two is a matter of time. In Count One the People would have to prove certain things beyond a reasonable doubt occurred, in Count Two, breaking and entering charge, that they did find the Defendant guilty of, I find that need not—the People need not prove there was sexual penetration, but that the Defendant at the time of the breaking and entering had that requisite intent. I don't feel that the charges against the Defendant are mutually exclusive in this case, because the time factor, I do find sufficient facts during the course of the trial for which the jury could indeed find the Defendant guilty."

This response provides the rational explanation required to uphold the verdict. *People v Phillips,* 43 Mich App 581; 204 NW2d 250 (1972), *People v Willie Johnson,* 58 Mich App 165; 227 NW2d 272 (1975), *lv den,* 394 Mich 755 (1975), *cert den,* 423 US 849; 96 S Ct 91; 46 L Ed 2d 72 (1975), *People v Goodchild,* 68 Mich App 226; 242 NW2d 465 (1976), *lv den,* 397 Mich 830 (1976).

Remanded for proceedings consistent with part one of this opinion. We do not retain jurisdiction.