STATE v. HYAMS.

No. 4185.    Decided November 6, 1924.    (230 Pac. 349.)

1. RAPE—REFUSAL TO INSTRUCT THAT JURY COULD FIND ACCUSED
   GUILTY OF LESSER OFFENSE, INCLUDED IN OFFENSE CHARGED, HELD
   REVERSIBLE ERROR.  In prosecution for assault with intent to
   commit rape, court's refusal to instruct jury that they could
   find defendant guilty of simple assault, *held* reversible error,
   in view of unsatisfactory character of evidence of prosecutrix
   and of Comp. Laws 1917, § 8527, permitting jury under proper
   instructions to convict accused of mere attempt to commit
   offense charged.

2. CRIMINAL LAW—COURT SHOULD REFUSE TO INSTRUCT ON INCLUDED
   OFFENSES ONLY IN CLEAR CASE.  It is always a delicate matter
   for a trial court to withhold from the jury the right to find
   accused guilty of a lesser or included offense, and this should
   be done only in clear cases.

3. CRIMINAL LAW—JUDGMENT DECLARING DEFENDANT GUILTY OF
   "ASSAULT WITH INTENT TO COMMIT RAPE" HELD IN CONFLICT
   WITH VERDICT OF "ATTEMPT TO COMMIT RAPE."  In prosecution
   for assault with intent to commit rape, where jury returned
   verdict of guilty of "attempt to commit rape," judgment that
   defendant was guilty of "assault with intent to commit rape"
   was in conflict with verdict, and cannot be upheld; an "at-
   tempt to commit rape" not being same offense or equivalent to
   "assault with intent to commit rape."[1]

[1] *State* v. *Jukanovich*, 45 Utah, 372, 146 P. 289.
See 16 C. J. pp. 1023, 1103, 1302; 33 Cyc. p. 1503.

Appeal from District Court, Seventh District, Carbon County; *Dilworth Woolley,* Judge.

·Harold Hyams was convicted of a statutory felony, and he appeals.

REVERSED and REMANDED, with directions.

*L. A. McGee,* of Price, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen., for the State.

FRICK, J.

The defendant was convicted of a statutory felony as hereinafter stated, was sentenced for an indeterminate term of imprisonment in the state prison, and he appeals from the judgment. While numerous errors are assigned, only two of the assignments require special attention.

The defendant was charged with an assault "with intent * * * feloniously and by force and violence to carnally know and ravish" a married woman not his wife. We could subserve no good purpose in attempting to set forth the evidence even in substance. Reference will therefore be made to such part or parts of the evidence in the course of the opinion only as may seem necessary to a full understanding of the questions determined.

At the trial defendant's counsel requested the court to charge that, although the defendant was charged with the offense of assault with intent to commit rape, the jury, nevertheless, might find him guilty of simple assault. The court refused to so charge, and counsel assigns the court's refusal as constituting prejudical error. There is no doubt that simple assault is necessarily included within a charge of felonious assault with intent to commit rape; and the courts, we think, without exception, have held that, where the accused is charged with a greater offense, he is nevertheless entitled

to an instruction that the jury may convict him of a lesser offense if included within the greater; that is, he may be found guilty of simple assault, or assault and battery, unless the evidence is of such character as will necessarily require a finding that the greater offense was committed by him, which is illustrated by the cases hereinafter referred to.

In *People* v. *Ryno*, 148 Mich. 137, 111 N. W. 740, the Supreme Court of Michigan, in passing upon the principle of law now under consideration, held: "On a prosecution for assault with intent to rape it is error not to instruct on the lesser offenses included in the offense charged," namely, assault and battery or simple assault, etc. To the same effect are *Smalls* v. *State*, 6 Ga. App. 502, 65 S. E. 295; *State* v. *Hoag*, 232 Mo. 308, 134 S. W. 509, and *State* v. *Matsinger* (Mo. Sup. 180 S. W. 856.

Moreover, under our statute, Comp. Laws Utah 1917, § 8527, an attempt to commit the offense charged is included within the offense charged, and the jury, under proper instructions, may convict the accused of a mere attempt to commit the offense charged.

It might well be the case that, although a trial court had refused or omitted to submit to the jury the question of included or lesser offenses, the judgment would nevertheless not be reversed for that reason alone, if the evidence was of such a nature as would not justify a finding of an included or lesser offense. In such event no prejudice would result from the mere fact that the question of included lesser offenses was not submitted to the jury. It is, however, always a delicate matter for a trial court to withhold from the jury the right to find the accused guilty of a lesser or included offense, and determine the question of the state of the evidence as matter of law. That should be done only in very clear cases. The question may, however, arise in any case, and, where the proper exceptions and proper assignments have been preserved and made, this court is required to review the trial court's action in refusing to submit the lesser and included offenses to the jury, and deter-

mine the question in accordance with the state of the evidence. In view of the statements of the prosecuting witness and those of the defendant, which are in irreconcilable conflict, and in view that the statements of the prosecutrix are not of that character which carry conviction to all fair-minded men, the district court clearly committed error in refusing to charge on the lesser and included offenses.

It is next contended that the verdict is contrary to the crime charged in the information, and that the verdict of the jury and the judgment of the court are in irreconcilable conflict. As already pointed out, the defendant was charged with the offense of an assault with intent to rape. The jury, however, returned a verdict that they "find the defendant guilty of an attempt to commit rape, as charged in the information." As before stated, the jury, under proper instructions, might have found the defendant guilty of an attempt merely, but the court did not submit that question to the jury. The difficulty, however, lies deeper than that. Upon the verdict of a mere "attempt to commit rape," the court entered judgment that the defendant had committed a felonious assault with intent to commit rape. The verdict, therefore, found the defendant guilty of one offense, while the judgment punishes him for another and a greater offense. The judgment is therefore clearly in conflict with the verdict. Under the verdict the defendant could have been sentenced only to imprisonment for a time half the length of time that he was actually sentenced by the judgment of the court. The authorities, to our minds, are very clear that a judgment sentencing an accused for a completed offense upon a verdict which found him guilty only of an attempt to commit the offense cannot be upheld. Further, that an attempt to commit rape is not the same offense as that of an assault with intent to commit rape, and the former        3 offense is not the exact equivalent of the latter. In *Fox* v. *State*, 34 Ohio St. 377, in passing upon the question now under consideration, the Supreme Court of Ohio said:

"The question, therefore, is: Are the words 'attempt to commit rape,' in their ordinary meaning, the exact equivalent of the words 'assault with intent to commit rape'? We think not, but that the

former phrase may describe a state of facts which does not consti-tute an assault with intent to ravish."

In 22 R. C. L. p. 1235, § 75, it is said:

"An attempt to rape is an offense distinct from rape or an assault with intent to rape, and comprehends elements different from those which combine to constitute either of those offenses; an attempt to commit rape may be established by proof of threats, but an assault with intent to commit rape cannot."

In 16 C. J. p. 1103, § 2587, the law upon this subject is stated thus:

"The verdict must be responsive to and cover the offense charged in the indictment or information."

To that effect is the case of *State v. Jukanovich*, 45 Utah, 372, 146 P. 289.

In 3 Wharton's Criminal Procedure (10th Ed.), § 1685, the author says:

"A verdict for 'attempt' will not support a judgment for 'as-sault.' "

In *Ex parte Harris*, 8 Okl. Cr. 397, 128 P. 156, it is held:

"The judgment of the court must in all cases be based upon the verdict of the jury, and the verdict of the jury must be responsive to the issue joined by the indictment or information and the plea of the person on trial thereto, otherwise the court is without jurisdiction to render judgment thereon."

From what has been said, it is clear that the judgment cannot stand. It is not necessary to discuss the other as-signments, since, whether they are considered singly or all together, they would not justify a reversal of the judg-ment.

For the reasons stated the judgment is reversed, and the cause is remanded to the district court of Carbon county, with directions to set aside the judgment and grant a new trial.

WEBER, C. J., GIDEON and CHERRY, JJ., and JOS. H. ERICKSON, District Judge, concur.

THURMAN, J., did not participate herein.