405 P.2d 793

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Robert Wayne GLEASON, Defendant and Appellant.**

**No. 10289.**

Supreme Court of Utah.

Sept. 23, 1965.

Jimi Mitsunaga, Public Defender, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a rape conviction. Affirmed.

The record is uncontroverted that the defendant had relations with the complaining witness after she had been waiting for a bus late at night, and was forced by defendant into an alley, all of which was evidenced by the girl's violent resistance, overcome by choking, beating, bruises, abrasions and torn clothing of the girl, 17, which pieces of clothing and articles from her purse were scattered all over the place and all of which was tied down by recovery of defendant's clothing substantiating the facts recited above, and by his unquestionable identification.

Defendant, who did not take the stand, defends on the grounds 1) that he was crazy at the time, and that 2) the trial court erred in refusing to instruct the jury as to "assault with intent to commit rape," as an included offense.

As to 1): The defendant and his counsel presented no evidence whatsoever to the effect that he was insane at the time of the occurrence, which is the test, and which it was his burden to prove. His contention that two psychiatrists, two months later, on examination, categorized him as being a schizophrenic-paranoic *at the time of the examination*, does not prove anything as to his mentality two months before. He was released as being sane at the time of trial. His claim that there should have been an instruction as to "assault with *intent* to commit rape," is somewhat inconsistent with his urgence that he was crazy at the time.

As to 2): The evidence was so overwhelming that he committed the act, that no such instruction was either necessary or appropriate. Furthermore, request for such an instruction was belated. It came after the case was finished and ready to go to the jury. The defendant shortly before had asked for instructions *only* as to "assault" and "battery" as included offenses (which we believe may have been unnecessary, but which were given). The eleventh hour request reflected here should be canvassed in an atmosphere of invited error, which procedurally is unjustified and not viewed by this court with favor or as a legitimate application of the rules, where ample opportunity had been afforded to avoid such a conclusion.

**152**

McDONOUGH, WADE, and CALLISTER, JJ., concur.

CROCKETT, Justice (concurring in the result).

I concur in the result. In regard to included offenses, see State v. Hyams, 64 Utah 285, 230 P. 349; and also State v. Barkas, 91 Utah 574, 65 P.2d 1130.