STATE of Utah, Plaintiff and Respondent,

v.

Dennis D. KAZDA, Defendant and Appellant.

No. 14201.

Supreme Court of Utah.

Jan. 20, 1976.

Steven E. Clyde, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Defendant was convicted by a jury of the crime of theft,[1] a felony in the third degree,[2] of approximately 320 pounds of copper wire, valued at between $250 and $400, from the poles of Mountain States Telephone & Telegraph Company in Tooele County. He was sentenced to serve an indeterminate term of up to five years in the state prison,[3] to run concurrently with a similar one which appellant is presently serving. Defendant appeals, assigning errors in instructing the jury.

On the morning of October 1, 1974, defendant and two others, Max Stockton and Max Reay, came onto the Leland J. Hogan Ranch, near Stockton in Tooele County, and began to cut telephone wires from the poles. Mr. Hogan became suspicious and telephoned the sheriff, who in turn contacted the telephone company, where he learned that no one was authorized to take down those wires. Telephone employees and the sheriff arrived at the scene and the three men were arrested.

Defendant Kazda's asserted defense was that he had met a "Mr. Johnson," who represented himself as an employee of the telephone company; and that the latter had given him a contract to remove the wires and the information as to which wires to cut. Some plausibility is given to

---

1. Sec. 76–6–404, U.C.A.1953.

2. Sec. 76–6–412, Penalty. "(1) Theft of property and services as provided in this chapter shall be punishable as follows: . . . (b) As a felony of the third degree if: (i) The value of the property or services is more than $250 but not more than $1,000; . . . ."

3. Sec. 76–3–203, Felony imprisonment. "A person who has been convicted of a felony may be sentenced to imprisonment for an indeterminate term as follows: . . . (3) In the case of a felony of the third degree, for a term not to exceed five years."

defendant's claim in the fact that there were twelve wires on the poles, six of which were active and six were dead. In order to remove them a person would have to know, as defendant Kazda apparently did, which wires were live and which were dead. Countering this is the fact that no such "Mr. Johnson" could be found. On the contrary, to shorten what could be a long tale, the evidence shows that the man Kazda had brought on the ranch a few days before to look the situation over, and who he claimed was the "Mr. Johnson," was in fact later identified by the Hogan's employee, Mr. Max Degelbeck, as the co-defendant, Max Reay.

The errors claimed by the defendant are that the court failed to instruct the jury that an honest mistake of fact constitutes a defense to the charge of theft; and that it included in its instructions a reference to the fact that a person is not guilty of a crime unless he acts "intentionally, knowingly, recklessly, or with criminal negligence."

■ There is, of course, no question about the proposition: if the defendant took the property under an honest but mistaken belief that he was entitled to do so, that would negative his intent to steal; and he would not be guilty of theft;[4] nor of the further proposition: that the evidence with respect to this matter need only be sufficient to raise a reasonable doubt of his intent to steal. However, under the instructions given by the court to the effect that the burden was upon the State to prove, beyond a reasonable doubt, the elements of the offense, including the intent to take the owner's property and deprive him of it, there can be no question but that both of the foregoing propositions were presented to the jury in an understandable way.

■ Defendant's other claim of error relates to the statement that "no person is guilty of an offense unless . . . he acts intentionally, knowingly, recklessly or with criminal negligence . . .." This in the words of our statute;[5] and it is true in the abstract. But we concede that we do not see the applicability of the terms "recklessly or with criminal negligence" to the particular circumstances involved here. The critical issue of fact centered upon whether, as defendant Kazda said: There was a "Mr. Johnson" who gave him a contract to remove the wires, or whether, as other evidence showed, that story was a fiction protective of the defendant when he was caught taking the property; and that the "Mr. Johnson" was defendant's accomplice, Max Reay. The jury, whose prerogative it is to choose what evidence it will believe, chose to believe that of the State. Despite defendant's brave efforts to make it appear to the contrary, we do not see how under the circumstances shown, and the other instructions given, the inclusion of the terms complained of could have been prejudicial to the defendant.

In arriving at our conclusion, we have also given consideration to the fact that the defendant did not, either by submitting written requests, or by oral exceptions, point out the claimed errors and the remedies for the defects he now claims existed in the instructions. In seeking to excuse himself from that duty, defendant relies on the oft-cited case of *State v. Cobo*[6] that such a failure will be excused in certain exigent circumstances.

■ As to that contention, we make these observations: There is an important purpose to be served by the rule requiring that objections be made to the instructions.[7] It gives an opportunity for the court to correct, or to fill in any inadequacy in the instructions, so that the jury may consider the case on a proper basis. In order to accomplish that purpose, the rule should be adhered to. Accordingly,

---

4. *State v. Allen*, 56 Utah 37, 189 P. 84.
5. Sec. 76–2–101, U.C.A.1953.
6. 90 Utah 89, 60 P.2d 952.
7. See Rule 51, U.R.C.P.

the standard rule is that when a party fails to make a proper objection to an erroneous instruction, or to present to the court a proper request to supply any claimed deficiency in the instructions, he is thereafter precluded from contending error.[8] The Cobo case involved a homicide in which the appellate court appeared to be convinced that an injustice had resulted. Accordingly, it noted such an exception. But the exception is applied only rarely where there appears to be a substantial likelihood that an injustice has resulted. Then and then only will the failure to comply with the requirements of the rule be excused. No such circumstance appears to exist here.

Affirmed. No costs awarded.

HENRIOD, C. J., and TUCKETT, ELLETT and MAUGHAN, JJ., concur.

8. See *Redevelopment Agency of Salt Lake City v. Barrutia*, 526 P.2d 47 (Utah 1974); *State v. Peterson*, 121 Utah 229, 240 P.2d 504.