STATE of Utah, Plaintiff and Respondent,

v.

Kip Roland PARKIN, Defendant and Appellant.

No. 860171–CA.

Court of Appeals of Utah.

April 15, 1987.

David L. Wilkinson, Atty. Gen., Kimberly K. Hornak, Asst. Atty. Gen., for plaintiff and respondent.

J. MacArthur Wright, St. George, for defendant and appellant.

Before GARFF, GREENWOOD and BENCH, JJ.

BENCH, Judge:

Defendant appeals his conviction of attempted theft, a class A misdemeanor, in violation of Utah Code Ann. §§ 76–4–101, 76–4–102(4), 76–6–404, and 76–6–412 (1978). We affirm.

On February 26, 1985, defendant left his residence in Nephi, Utah, and drove his grandfather's truck to St. George where he had a masonry job. Shortly after his arrival in St. George, defendant met K.C. Coombs, a former schoolmate, who invited defendant to stay at his apartment. After defendant had checked in with his employer, he and Coombs went for a drive through rural Washington County, purportedly to view the site of recent motocross races in which Coombs had participated. At one point, they drove slowly past rancher LeMoyne Esplin who was herding cattle into some corrals.

On February 27, after defendant had finished work, the two drove defendant's truck to the corrals where they had previously seen Esplin herding cattle.[1] Sometime between 11:30 that night and 1:00 the next morning, defendant and Coombs loaded six of the Esplin cattle into the truck. They stopped for gas at a convenience store and arrived at the Cedar City auction yard at about 2:00 a.m. on February 28. They unloaded the cattle, herded them into a stall, and then returned to St. George. A few hours later, at about daybreak, the two drove back to Cedar City in a car owned by Coombs. They spent the morning in the auction yard waiting for the cattle to be sold. Later that afternoon, they picked up a check for the cattle. The check was

---

1. Defendant explains Coombs asked to borrow his grandfather's truck and that Coombs had prearranged to borrow cattle racks from a friend. Defendant claims Coombs said he had promised to take some cattle to auction for another friend.

made out to Coombs in the amount of $1,462.25. Before returning to St. George, Coombs cashed the check at a local bank and gave defendant $130.00.

Defendant and Coombs were both charged with theft, a third degree felony. At trial, defendant admitted all of the elements of the crime of theft except intent. Defendant contended he thought they were selling the cattle for Coombs' friend and he did not even become suspicious until he saw the check was made out to Coombs. Defendant testified he accepted the $130.00 as payment for the use of the truck and did not know the cattle were stolen until after they had left Cedar City with the money. Under a plea bargain arrangement, Coombs testified at defendant's trial. Coombs testified defendant knew all along the cattle were stolen and that defendant was paid the $130.00 plus an additional $120.00 for his participation in the theft.

Prior to deliberation, the trial court instructed the jury it could find defendant guilty of theft, guilty of attempted theft (a lesser included offense), or not guilty. Defendant made no objection to the instruction on attempted theft. When the jury returned a verdict of guilty of attempted theft, defendant moved for a judgment notwithstanding the verdict. The motion was denied and defendant filed this appeal.

The issues raised by defendant on appeal are essentially the same as those raised in his motion for a judgment notwithstanding the verdict. Defendant argues the jury implicitly found an absence of criminal intent by not returning a verdict of guilty on the greater offense of theft. He urges that since the jury found no criminal intent, there was insufficient evidence to convict on the lesser included offense of attempted theft.

▊ The State correctly points out that when a defendant fails to object to an instruction, he is precluded from challenging it on appeal. Utah R.Crim.P. 19(c), Utah Code Ann. § 77–35–19(c) (1982). The time for asserting an "all or nothing" defense is before the jury deliberations, not after. If a defendant wants a lesser included instruction, he must request it at trial or it is waived. *State v. Gandee*, 587 P.2d 1064 (Utah 1978); *State v. Valdez*, 19 Utah 2d 426, 432 P.2d 53 (1967). Likewise, if a defendant believes inconsistent instructions have been given, he must make a timely objection. *State v. Valdez*, 604 P.2d 472 (Utah 1979). The rationale for this rule was explained in *State v. Kazda*, 545 P.2d 190, 192–193 (Utah 1976):

> There is an important purpose to be served by the rule requiring that objections be made to the instructions. It gives an opportunity for the court to correct, or to fill in any inadequacy in the instructions, so that the jury may consider the case on a proper basis. In order to accomplish that purpose, the rule should be adhered to. Accordingly, the standard rule is that when a party fails to make a proper objection to an erroneous instruction, or to present to the court a proper request to supply any claimed deficiency in the instructions, he is thereafter precluded from contending error.

*Kazda* goes on to explain the rare exception to this rule is where "exigent circumstances" exist, i.e., where there appears to be a substantial likelihood that an injustice has resulted. Our current rule uses similar language to describe the exception. Utah R.Crim.P. 19(c) allows the assignment of error after failure to object only where necessary "to avoid a manifest injustice." In the instant case, the attempt instruction fairly and adequately stated the law. We are not convinced that manifest injustice resulted from the trial court's giving of the instruction.

Defendant's conviction is affirmed.

GARFF and GREENWOOD, JJ., concur.