STATE of Utah, Plaintiff and Respondent,

v.

Jerry Joe MEDINA, Defendant and Appellant.

No. 20629.

Supreme Court of Utah.

April 23, 1987.

Kenneth R. Brown, Jerold D. McPhie, for defendant and appellant.

David L. Wilkinson, Earl F. Dorius, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant Jerry Joe Medina appeals from a conviction of murder in the second degree. He contends that the trial court impermissibly interfered with his right to a jury trial when it gave the jury a modified version of the "dynamite" or *"Allen"* charge.[1] He also argues that his trial counsel's failure to object to the giving of the charge was so improper as to deny him the effective assistance of counsel. We affirm.

There is no need to discuss the circumstances of the crime with which defendant

was charged. For purposes of this appeal, only the circumstances surrounding the giving of the modified *Allen* charge are pertinent.

The jury began its deliberations at 10:30 a.m. on Friday, March 1, 1985. At approximately 6:10 p.m., after deliberating for almost eight hours, the jury sent the following question to the judge: "What procedure do we follow if because of lack of evidence either way we keep coming up with an uneven vote. At what point are we hung?" The judge recalled the jury to the courtroom at 6:30 p.m. for the purpose of giving it a modified *Allen* charge. The court had previously distributed copies of the proposed instruction to counsel for the prosecution and defense. It then asked if either side had any objection to the proposed instruction. Defense counsel replied, "I have no objection. I have read it," and the State also answered, "I have no objection." The court then gave the charge. The jury returned to deliberate at 6:35 p.m., and at 8:30 p.m., it returned a verdict of guilty.

Defendant Medina's brief sets forth additional facts taken from his own affidavit, which accompanied a motion filed with this Court to remand the matter for an evidentiary hearing. In the affidavit, Medina asserts that after the jury sent out its question and the possibility of a hung jury became apparent, a discussion ensued between Medina and his counsel over the

1. The *Allen* charge takes its name from a United States Supreme Court case, *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). In that case, the Court approved a supplemental instruction or charge which was given to a jury that was having difficulty arriving at a unanimous verdict. The *Allen* charge was summarized by the Court as follows:

> These instructions were quite lengthy, and were, in substance, that in a large proportion of cases absolute certainty could not be expected; that although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if

> much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority was for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority. *Id.* at 501, 17 S.Ct. at 157. In the years since *Allen* was decided, many courts have expressed concern about the continued propriety of the instruction because of its perceived tendency to pressure jurors to give up their sincere convictions simply because a majority takes a different view. *See, e.g., People v. Gainer,* 19 Cal.3d 835, 566 P.2d 997, 139 Cal.Rptr. 861 (1977); *State v. Thomas,* 86 Ariz. 161, 342 P.2d 197 (1959). Whatever merit there may be to these concerns, we do not address them today.

wisdom of permitting the court to give the *Allen* charge. Medina states that his counsel did not want to object to the instruction, but Medina clearly instructed his ·counsel that he wanted a new trial and did not want further instructions given to the jury. The affidavit asserts that Medina was betrayed when his counsel registered no objection to the giving of the *Allen* charge.

Most of the arguments before this Court are directed to whether any form of dynamite charge is permissible and, if so, whether the modified *Allen* charge given below was acceptable. We do not have occasion to reach that issue today because it was not properly preserved below.

■ The usual rule is that "[n]o party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury is instructed, stating distinctly the matter to which he objects and the ground of his objection." Utah R.Crim.P. 19(c) (codified at Utah Code Ann. § 77–35–19(c) (1982)). In the present case, defense counsel not only failed to object to the proposed instruction, but she affirmatively stated that after reading it, she had "no objection." Only at this point did the judge give the jury the instruction.

Medina recognizes that the failure to object to the instruction presents a barrier to our consideration of the propriety of the modified *Allen* charge. *See, e.g., State v. Malmrose,* 649 P.2d 56 (Utah 1982). However, he attempts to overcome this obstacle by relying on an exception to the general rule of Utah Rule of Criminal Procedure 19(c), which is contained in the last sentence of that rule. That sentence reads: "Notwithstanding a party's failure to object, error may be assigned to instructions in order to avoid a manifest injustice." Utah Code Ann. § 77–35–19(c) (1982).

■ It is true that in reliance on this provision, we have considered the propriety of instructions with respect to which an objection has not been made below. However, uniformly these have been situations where counsel for the party complaining on appeal merely remained silent at trial. *See, e.g., State v. Lesley,* 672 P.2d 79, 81 (Utah 1983); *State v. Smith,* 90 Utah 482, 62 P.2d 1110 (1936). The instant case presents a very different situation. Here, defense counsel did not remain silent; rather, she actively represented to the court that she had read the instruction and had no objection to it. Apparently, Medina's counsel considered the issue and consciously decided that it was in Medina's interest to have the instruction given. Although in retrospect this decision may appear to have been ill-advised, the fact remains that counsel consciously chose not to assert any objection that might have been raised and affirmatively led the trial court to believe that there was nothing wrong with the instruction. Under such circumstances, we decline to review the instruction under the manifest error exception to Rule 19(c).

■ Medina also seeks reversal on the ground that he was denied effective assistance of counsel when his lawyer violated his express instructions and refused to object to the *Allen* charge. This contention must be rejected for two reasons. First, it is based almost entirely on self-serving affidavits that are not part of the record. For obvious reasons, we cannot accept after-the-fact claims that there was a conflict with counsel, unless the defendant has made his disagreement with counsel apparent on the record. *See State v. Wood,* 648 P.2d 71, 91 (Utah 1982) (conflict between defendant and trial counsel was apparent on the record), *cert. denied,* 459 U.S. 988, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982); *State v. Cook,* 714 P.2d 296, 297 (Utah 1986) (references to matters outside the record will not be considered); *State v. Wulffenstein,* 657 P.2d 289, 292–93 (Utah 1982), *cert. denied,* 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983).

■ Second, defense counsel's decision to approve the *Allen* charge was a trial tactic or strategy and, as such, was "within the prerogative of trial counsel and [could] not be dictated by [the] client. Decisions as to ... what objections to make ... are generally left to the professional judgment of counsel." *State v. Wood,* 648 P.2d at 91 (citing *State v. Gray,* 601 P.2d 918 (Utah 1979); *State v. Pierren,* 583 P.2d 69 (Utah

1978); *State v. McNicol*, 554 P.2d 203 (Utah 1976)). If the minority of jurors had been for conviction, the proffered charge might have encouraged them to reconsider their position and to acquit defendant. Defense counsel apparently thought it tactically wise to refrain from objecting to the charge. The fact that counsel's strategy appears ineffective in hindsight is of no consequence.

Defendant's remaining contentions are without merit. We affirm the conviction.

HALL, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.