STATE of Utah, Plaintiff and
Respondent,

v.

Randall Edward KOTZ, Defendant
and Appellant.

No. 860269–CA.

Court of Appeals of Utah.

July 22, 1988.

Debra K. Loy (argued), Joan C. Watt, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius (argued), Asst. Atty. Gen., for plaintiff and respondent.

Before BENCH, GARFF and JACKSON, JJ.

OPINION

GARFF, Judge:

Defendant Kotz appeals his jury conviction for theft, a second degree felony. We affirm.

Kotz was arrested and charged with theft on July 11, 1986. He was tried before a jury on September 10 and 11, 1986. At the conclusion of his case, the jury was excused. After approximately four hours of deliberation, the jury informed the court that it had reached an impasse and was unable to deliver a verdict.

The court and counsel conferred off the record in chambers. During this conference, the court informed counsel that he intended to give the jury a supplemental instruction to urge them to reach a verdict. He summarized to counsel what he intended to tell the jury but did not supply them with a written copy of the instruction.

The court then recalled the jury and informed the jury foreman that he would answer any legal or procedural questions that the jury might have. The foreman indicated that the jury did not have any such questions. The court then gave the jury orally the following supplemental verdict-urging instruction:

Members of the jury the bailiff informed me that you indicated to him that you have not yet reached a decision in this matter and have indicated that you are either at an impasse or in a situation where you do not feel you may be able to reach a decision. I must inform you that we are going to talk to you concerning this and ask you to go back in the jury room and deliberate and reach a decision concerning this matter;

That you have been given sufficient evidence to be able to make a decision;

That you have to discuss this with each other, discuss the views and opinions of how each one of the jurors saw this and you must go over it and go over it until you are able to see just exactly what the evidence is and then make your independent judgment.

We do not ask you to violate your conscience, but we do indicate to you that

these are the decisions that are made every day in the criminal justice system. And that the purpose of the jury is to face the issue and make the decision. It is not the purpose of the jury to avoid making the hard decision.

After clarifying that the jury did not need further legal instruction, the court then continued with the following statement:

Then based on that, and I realize it is past five o'clock now, but of course it is not unusual for us to continue late into the evening in deliberating on cases. So we at this time are going, with those instructions are now going to ask you to return to the jury room, to get down to the basics of the evidence right from the first individual that testified and go over the testimony and discuss it as to how each of you saw it, and weigh that testimony, weigh the credibility, the believability of each witness, and look at the various statements to see how they meet with your scrutiny and whether the statements were corroborated with other credible evidence. And after discussing them and facing those issues we would then hope that you would reach a fair and impartial decision without in any way violating your conscience.

So with that admonition we would ask the bailiff to return the jury to the jury room and court will be in recess.

Defense counsel did not raise any objection to these instructions at this time or move for a mistrial. However, she did express reservations as to the appropriateness of a verdict-urging instruction, but stated that she needed time to research the issue. The jury arrived at a verdict two and one-half hours later, convicting Kotz as charged.

Kotz filed a motion for a new trial on September 29, 1986, on the grounds that the trial court erroneously instructed the

jury orally without first submitting the proposed instruction to counsel, and also that the substance of the instruction unduly influenced the jury and denied Kotz his right to trial by jury. The trial court denied this motion.

The parties raise the following issues: (1) Should this Court properly consider the issue of the propriety of the supplemental verdict-urging instruction, since no objection of record was made to it during the trial? (2) If the instruction may properly be considered, was the supplemental instruction coercive and improper, and, therefore, reversible error under the Utah and United States Constitutions?

The State cites the standard rule that "when a party fails to make a proper objection to an erroneous instruction ... he is thereafter precluded from contending error." *State v. Kazda,* 545 P.2d 190, 193 (Utah 1976); *see also State v. Parkin,* 742 P.2d 715, 716 (Utah Ct.App.1987). The State then argues that we should not consider the propriety of the supplemental instruction on appeal because appellant did not object to it on the record, thus failing to preserve the issue for appeal pursuant to Utah R.Crim.P. 19(c).[1]

We note that the purpose of this general rule is to "[give] an opportunity for the [trial] court to correct, or to fill in any inadequacy in the instructions, so that the jury may consider the case on a proper basis. In order to accomplish that purpose, the rule should be adhered to." *Kazda,* 545 P.2d at 192.

However, in this case, the trial judge elected to give the supplemental instruction extemporaneously. He did not furnish counsel with written copies of the instruction, as provided under Utah R.Crim.P. 19(a) (1972),[2] which requires the trial court

---

1. Rule 19(c) of the Utah Rules of Criminal Procedure (Utah Code Ann. § 77–35–19(c) (1982)) provides that:

No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury is instructed, stating distinctly the matter to which he objects and the ground of his objection. Notwithstanding a party's failure to object, error

may be assigned to instructions in order to avoid a manifest injustice.

2. Rule 19(a) of the Utah Rules of Criminal Procedure (Utah Code Ann. § 77–35–19(a) (1982)) reads as follows:

At the close of the evidence or at such earlier time as the court reasonably directs, any party may file written request that the court in-

to furnish counsel with a written copy of its proposed instructions prior to charging the jury, unless the parties stipulate that the instructions may be given orally *or otherwise waive the requirement.* This Court has defined waiver in *Barnes v. Wood,* 750 P.2d 1226 (Utah Ct.App.1988):

> Waiver is the intentional relinquishment of a known right. To waive a right, there must be an existing right, benefit or advantage, a knowledge of its existence, and an intention to relinquish it. The party's actions or conduct must evince unequivocally an intent to waive, or must be inconsistent with any intent.

*Id.* at 1230. We find that all of the above elements for waiver were present and that defense counsel's actions clearly showed an intent to waive any right to have the instruction reduced to writing before presenting it to the jury.

Under Rule 19(c), a party is required to object to an instruction prior to its presentation to the jury in order to preserve an issue concerning the instruction for appeal. Thus, the questions we must answer are whether defense counsel waived the requirement for a written copy of the instruction, and whether she objected to the instruction.

The discussion between the court and respective counsel concerning the proposed verdict-urging instruction took place in chambers, without being recorded. At the hearing on defendant's motion for new trial, the parties reconstructed the dialogue that took place in chambers. There was some variance in recollection of what was said. When the court stated what the general content of its intended oral instruction would be, defense counsel said that she had reservations about verdict-urging instructions and there was no time for her to do research on that point, stating that,

struct the jury on the law as set forth in the request. At the same time copies of such requests shall be furnished to the other parties. The court shall inform counsel of its proposed action upon the request; and it shall

I could do that after the Court instructed the Jury and I indicated that I did not think it was appropriate, but I also did not have any legal grounds I could give at that time why it should not be done. . . .

 . . . .

I don't believe I objected on the record at that time but I believe the Court would take note that I raised the question in Chambers that I was concerned about this and the impact on the Jury.

Apparently, after the jury heard the challenged instruction and retired to continue its deliberations, the court offered to keep the issue alive by permitting defense counsel an opportunity to do additional research on the question while the jury was still out. She returned to her office but was unable to discover any supporting authority for her position. The judge recalled that there was a discussion as to whether the instruction should be oral or written, but that both parties agreed to proceed without a written instruction. We note that there was no objection on the record either to the instruction and its content, or to the fact that it was presented orally rather than in writing until the motion for new trial was filed and argued, which, obviously, occurred after the verdict was rendered. *State v. Zimmerman,* 78 Utah 126, 1 P.2d 962, 964 (1931) states:

> No claim is made by appellant that any objection or exception was taken to the statement made by the trial court to the jury at the time such statement was made or at all, until the filing of the motion for a new trial. Appellant contends that the statement complained of was in the nature of an instruction to the jury, and should have been in writing. It is well established in this jurisdiction that an exception to an instruction must be made before verdict, otherwise it may not be reviewed on appeal. The state-

furnish counsel with a copy of its proposed instructions, unless the parties stipulate that such instructions may be given orally, or otherwise waive this requirement.

ment complained of, however, cannot well be said to be an instruction. But whether it be regarded as an instruction or as a remark, the rule is the same. An objectionable remark directed to the jury must be excepted to or it may not be reviewed on appeal.

*See also State v. Weaver*, 78 Utah 555, 6 P.2d 167, 170 (1931). To merely indicate that the instruction was not "appropriate" or to express "concern" does not constitute a viable objection upon which the court can rule. Additionally, counsel must also be able to articulate a reasonable basis for any objection, Rule 19(c); *see also State v. Schoenfeld*, 545 P.2d 193, 196 (Utah 1976), which defense counsel failed to do.

Defense counsel was cognizant of the contents of the proposed instruction from the in-chambers discussion, knew that the instruction would be given orally, and made no objection to either the contents of the instruction or its oral presentation until after the verdict. Defendant is, therefore, precluded from raising this objection on appeal.[3] Since this is dispositive, further consideration of the other issues is not necessary.

Affirmed.

BENCH and JACKSON, JJ., concur.

---

**3.** In *State v. Medina,* 738 P.2d 1021 (Utah 1987), the Utah Supreme Court similarly declined to reach the merits of the propriety of a verdict-urging instruction because defense counsel failed to object to the instruction pursuant to Rule 19(c). We recognize that *Medina* is factually dissimilar from the present case in that the trial court distributed the instruction in writing prior to reading it to the jury, and defense counsel "actively represented to the court that she had read the instruction and had no objection to it." *Id.* at 1023. However, we find that the requirement of an objection under Rule 19(c) is sufficiently important and the elements of waiver, under the present facts, sufficiently clear to similarly decline to review the instruction under the manifest injustice exception to Rule 19(c).