**Jerry Joe MEDINA, Plaintiff and Appellant,**

v.

**Gerald L. COOK, Warden, Defendant and Appellee.**

No. 880355.

Supreme Court of Utah.

Aug. 1, 1989.

Rehearing Denied Aug. 16, 1989.

Jerry Joe Medina, pro se.

David L. Wilkinson, Charlene Barlow, Salt Lake City, for defendant and appellee.

DURHAM, Justice:

Plaintiff Jerry Joe Medina appeals from the dismissal of his petition for a writ of habeas corpus. We affirm.

Plaintiff was convicted of second degree murder, a first degree felony. He was sentenced to a term of five years to life, and he appealed the conviction in 1985. We upheld the conviction in *State v. Medina,* 738 P.2d 1021 (Utah 1987). In November 1987, plaintiff filed a petition for a writ of habeas corpus, and in October 1988, the petition was dismissed by the trial court. Plaintiff then filed a notice of appeal in October 1988.

This Court recently reiterated the standard of review in habeas corpus cases in *Bundy v. DeLand,* 763 P.2d 803 (Utah 1988):

> On appeal from denial of habeas corpus relief, "we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted."

*Id.* at 805 (quoting *Velasquez v. Pratt,* 443 P.2d 1020, 1022 (1968)). Our review of the record does not so convince us.

Plaintiff claims that his constitutional rights were violated by ineffective assistance of counsel, prosecutorial misconduct, denial of access to the courts, and the prejudice of the trial judge. We conclude that plaintiff was afforded due process and that there is no basis upon which to reexamine the conviction. Plaintiff had separate and different counsel at trial and on appeal. His appellate counsel raised four issues, including ineffective assistance of counsel. On appeal, we rejected that claim for two reasons:

> First, it is based almost entirely on self-serving affidavits that are not part of the record. For obvious reasons, we cannot accept after-the-fact claims that there was a conflict with counsel, unless the defendant has made his disagreement with counsel apparent on the record.
>
> Second, defense counsel's decision ... was a trial tactic or strategy and, as such, was within the prerogative of trial counsel and [could] not be dictated by [the] client. Decisions as to ... what objections to make ... are generally left to the professional judgment of counsel.

*State v. Medina,* 738 P.2d at 1023 (citations omitted).

Plaintiff now makes additional claims related to a failure by trial counsel to conduct pretrial investigation and ineffectiveness of *appellate* counsel. Neither claim is supported by the record. Furthermore, all of the other issues plaintiff raises in this habeas corpus proceeding could have been or were raised on appeal. We affirm the trial court's dismissal.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.