2011 UT App 402

**STATE of Utah, Plaintiff and Appellee,**

v.

**Joey Allen WILLIAMS, Defendant and Appellant.**

**No. 20110420–CA.**

Court of Appeals of Utah.

Nov. 25, 2011.

Debra M. Nelson, Salt Lake City, for Appellant.

Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee.

Before Judges ORME, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Joey Allen Williams appeals his conviction of driving under the influence of alcohol or drugs. This matter is before the court on cross motions for summary disposition.

¶ 2 Williams first asserts that his guilty plea was not "knowingly and voluntarily made." *See* Utah Code Ann. § 77–13–6(2)(a) (2008). However, Williams never filed a motion to withdraw his guilty plea prior to being sentenced. In order to challenge the validity of a guilty plea, a defendant must file a motion to withdraw his plea before the sentence is announced. *See id.* § 77–13–6(2)(b); *State v. Merrill,* 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. Absent a timely motion to withdraw a guilty plea, this court does not have jurisdiction over a direct appeal to review the validity of the plea. *See Merrill,* 2005 UT 34, ¶¶ 13–20, 114 P.3d 585; *see also* Utah Code Ann. § 77–13–6(2)(c) ("Any challenge to a guilty plea not made within the time period specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Post–Con-

viction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure."). This jurisdictional bar extends to claims concerning the effectiveness of counsel. *See State v. Rhinehart,* 2007 UT 61, ¶ 14, 167 P.3d 1046. Because Williams never filed a motion to withdraw his guilty plea prior to sentencing, this court lacks jurisdiction to review the issue. *See Merrill,* 2005 UT 34, ¶ 20, 114 P.3d 585. If Williams seeks to challenge the validity of his plea he must do so pursuant to Utah Code section 77–13–6(2)(c).

¶ 3 Williams next alleges that the district court abused its discretion in sentencing him to prison. However, Williams is prohibited from raising the argument on appeal because he invited any alleged error by requesting that he be sentenced to prison. *See State v. Perdue,* 813 P.2d 1201, 1205 (Utah Ct.App. 1991) (stating that the doctrine of invited error prevents a party from "setting up an error at the trial court and then complaining about it on appeal" (internal quotation marks omitted)). Here, immediately after entering his guilty plea, Williams waived the minimum time for sentencing and asked to be sent to prison. Prior to accepting the waiver, the district court expressly informed Williams that if he was willing to wait to be sentenced until the preparation and review of a presentence investigation report it was not a forgone conclusion that the court would sentence Williams to prison. Specifically, the court stated that it would review any such report prior to sentencing. However, Williams was adamant that he wished to waive the minimum sentencing period and "asked to go to prison." In so doing, he told the court that his past was "not good," that he had an obligation to go to prison because what he had done was "very stupid," and that he felt he could get better medical attention in prison. Based upon Williams's request and the fact that no contrary evidence was presented, the district court sentenced Williams to prison. Under these circumstances, Williams invited any potential error of which he now complains.

¶ 4 Affirmed.